CASE 36—PETITION ORDINARY—MARCH 13.

## Owens v. Ballard County Court.

8bu611
d108 388

APPEAL FROM BALLARD CIRCUIT COURT

1. DEMAND MUST BE MADE BEFORE INSTITUTING ACTION AGAINST A SHERIFF, ETC.—Before an action can be maintained against a sheriff and his sureties for a balance of the county levy collected by him and remaining in his hands a demand must be made by some person authorized or entitled to receive such fund.

2. Before such an action can be instituted against a sheriff and his sureties a settlement must be made by the sheriff with a commissioner appointed by the county court, and for the balance in the sheriff's hands due the county some order must be made requiring the sheriff to pay it over either to the county treasurer, if there be one, or to some other person designated by the court, and then a demand must be made by such treasurer or other person before the action is instituted. (Sec. 7, art. 3, chap. 26, Revised Statutes, 1 Stanton, 300.)

3. When an allowance is made by the county court to a county creditor in satisfaction of his claim, and the list of allowances is furnished the sheriff, as required by section 6, article 2, chapter 26, Revised Statutes, 1 Stanton, 298, the remedy of the creditor is then by suit or motion against the sheriff and his sureties for the collection of the claim, and the county court has no right to institute an action for the recovery of such money, unless there is some allegation of fact made that substitutes the county to the right of the creditor.

4. The county may be substituted to the right of a creditor by paying his claims out of other funds. In a suit against the sheriff by the county in such a case the petition should allege the facts, names, amounts, etc.

E. I. BULLOCK, . . . . . . . . . . . For Appellant,

CITED

Revised Statutes, sec. 6, art. 3, chap. 26, 1 Stanton, 300.
Revised Statutes, secs. 5, 6, art. 2, chap. 26.
Ms. Opinion, 1857, Weaver v. Bracken County Court.

JOHN RODMAN, . . . . . . . . . . . For Appellee,

CITED

Revised Statutes, 1 Stanton, 297, 298.
Civil Code, section 123.
3 Marshall, 339, Hawkins v. Commonwealth.
8 B. Monroe, 400, Commonwealth v. Hughes.
3 Metcalfe, 61, Lee v. Walker.
1 Metcalfe, 569, Morrison v. Tate.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This was an action by the county judge and justices of Ballard County against S. W. Owens and his sureties on the bond of Owens, executed by him as sheriff of that county, for the collection of the county levy for the year 1863. The appellees, in the petition filed, allege and exhibit what purports to be a settlement made by the sheriff, Owens, showing a balance of moneys in his hands unaccounted for and amounting to several hundred dollars; that this money had been often demanded of him, and he and his sureties have failed and refused to pay the same or any part thereof. The appellants filed a demurrer to the petition, which was overruled by the court, to which they excepted, and now complain of as error.

The action in the caption is brought in the individual names of the judge and justices of Ballard County; and if the allegations contained in the body of the petition, that they constitute the county court, does not cure the defect, the demurrer, if it specified the objections, should have been sustained for the want of proper parties. The demurrer, however, is general, and it is insisted that the petition does not present a cause of action. There is no allegation of any demand

made of the sheriff or his sureties for that money by any person or persons entitled to receive it. The plaintiffs in this suit may have demanded the money, and the defendants in their answer do not deny that such a demand was made as alleged; but, conceding the demand made and proven, what right or authority had the county judge or the justices, or either of them, to receive the money from the sheriff, or the sheriff to pay it over to them? It would be no defense by either the sheriff or his sureties, in a suit on the bond to recover the alleged balance, to say that he had paid the money over to the county judge or to one or all of the justices. They have no more right to receive the money than the county clerk or the county attorney; and before an action can be instituted against the sheriff and his sureties in a case like this there must be a settlement made by the sheriff with a commissioner appointed by the court, and for the balance in the sheriff's hands due the county some order must be made requiring the sheriff to pay it over either to the county treasurer, if there be one, or to some other person designated by the court. The sheriff, so far as this record shows, if he had been willing and anxious to pay over the moneys in his hands, could not have done so, for the reason that no person was authorized to receive it. In order to give the county court the right to institute such a proceeding against the sheriff and his sureties there must be an order of court made designating the person to whom the money due the county is to be paid, and then the sheriff, upon a proper demand made, refusing to pay, is liable.

Section 6, article 3, chapter 26, Revised Statutes (1 Stanton, 300), reads: "The county court shall, in the month of September in each year, and oftener if it be advisable, cause a settlement of the sheriff's or collector's accounts concerning the county levy to be made and reported to the court, and for that purpose shall appoint some competent person as commis-

sioner; and upon receipt and approval of said report shall make such order concerning the remainder of the money, if any due to the county, as they may deem necessary for its safe-keeping."

The petition also alleges, only by implication, that the county was entitled to the money by reason of having since paid out of other moneys the claims of county creditors allowed for the year 1863. The county, if such claims have been paid, can be substituted to the rights of such creditors; but in order to make such a pleading good, so as to protect the rights of the sheriff and his sureties, the county should make specific allegations as to the names of the creditors, and the amounts allowed and paid by the county.

When an allowance is made by the county court to a county creditor in satisfaction of his claim, and the list of allowances is furnished the sheriff by the clerk, as required by section 6, article 2, chapter 26, Revised Statutes (1 Stanton, 298), the remedy of the creditor is then by suit or motion against the sheriff and his sureties for the collection of the claim. And the county court has no right to institute an action for the recovery of such money unless there is some allegation of fact made that substituted the county to the rights of the creditors.

The petition is fatally defective, and the demurrer thereto should have been sustained.

The judgment of the court below is reversed, and the cause remanded with directions to sustain the demurrer to the petition, with leave to the plaintiff to amend, etc.

Judge LINDSAY did not sit in this case.