Hardin County Court, et al., *v.* W. T. Lowe, et al.

**County Revenue—Collection from Sheriff.**
> Before a suit can be maintained against the sheriff and his bondsmen for failing to pay over revenues collected for the county a demand from the official entitled to receive them or an order relative thereto by the county court must be made.

**Demand Before Suit.**
> Until there is a demand made on a county sheriff by one authorized to make it requiring him to pay over county revenues collected by him and until he has failed to comply therewith, no cause of action can arise against him and his bondsmen.

APPEAL FROM HARDIN CIRCUIT COURT.

March 27, 1876.

OPINION BY JUDGE LINDSAY:

Although the petition shows that at the time of the last settlement there remained in the hands of the sheriffs, in the way of a surplus of county dues, the sum of $1,590.63, it does not show that up to the time of the institution of this action, the county court had authorized or empowered any person to collect said sum from the sheriff, or that it had made any orders whatever concerning its safe-keeping. Until some such order is made, and the sheriff is required to pay the money over, either to the county treasurer, or if there be none, then to some person designated by the county court, he cannot commit a breach of his bond. Until some person is authorized to collect the fund, there can be no demand made upon the sheriff; and until there is a demand and a failure to pay, no cause of action can arise against him and his official sureties. *Owen v. Ballard County Court,* 8 Bush 611.

There is no cause of action stated in favor of Davenport. He sues as the assignee of Tabb. It is alleged that Tabb is a county creditor to the amount of $————. But it is not stated that this claim, if it amounted to any sum whatever, had been allowed by the county court, nor that the sheriff had ever been directed to pay it.

The demurrer was properly sustained, and the petition properly dismissed. Judge Cofer did not sit in this case.

Judgment *affirmed.*

*Wilson & Bell, for appellants. James Montgomery, for appellees.*