LEWIS COUNTY COURT ET AL. *v.* R. B. LOVELL ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—334.]

**Petition Against Sheriff and Sureties.**

A petition against the sheriff and his sureties to compel the sheriff to pay a balance claimed to be due the county, being the

county levy for 1871, is insufficient as against demurrer when it contains no allegation that the county was entitled to the alleged balance of the levy of 1871 by reason of having since paid out of other moneys the claims of county creditors allowed for that year. The fact that the county either had or did not have creditors for the year 1871 must be alleged, and if there were such creditors for that year their names and amounts allowed and paid by the county should have been alleged.

### Title of An Act.

The title of the Act of February 19, 1873, is "An act in relation to the county levy of Lewis county and the collection of the same," and the second section directs R. B. Lovell, after he had gone out of office, to return to the county court the names of all delinquent taxpayers of the county levy for the year 1871 and 1872, and the tax-receipts of the same. It is held that the subject of said second section is not embraced in the title of the act and said section is therefore ineffective.

### Power of Legislature.

The legislature has no power to compel an exsheriff to supply lost tax-receipts. It is not his duty to supply such receipts and he can not be compelled to surrender under legislative command tax-receipts which either belong to him or some taxpayer. They are private property.

### APPEAL FROM LEWIS CIRCUIT COURT.

October 22, 1881.

### OPINION BY JUDGE HARGIS:

The county judge and justices of Lewis county, and a receiver appointed by them, instituted an action in their names for the benefit of Lewis county against appellee, Lovell, and his sureties, to compel him to pay to the receiver an alleged balance of the county levy for the year 1871, which they aver he, as sheriff, collected and failed to account for.

It appears from the petition and the exhibits made part of it that the appellee, Lovell, had returned to the county court the delinquent list for 1871, which was approved and allowed to him as a credit on the levy for that year; that he afterwards made a settlement with a commissioner, who reported that he had failed to account for a part of the delinquent list, and it is in effect alleged that he had, failed, in pursuance of an act of the legislature passed in February, 1873, to surrender up to the county

court his tax receipts or make a new list of the delinquents for that year, or account for the list which he had returned and was allowed by the county court and which list had been abstracted from the office of the clerk.

A general demurrer was rightly sustained to the petition. There is no allegation in the petition that the county was entitled to the alleged balance of the levy for 1871, "by reason of having since paid out of other moneys the claims of county creditors allowed for that year." Nor is it alleged that there were no creditors of Lewis county whose claims were allowed for 1871. Nothing whatever is said about the county creditors. The fact that the county either had or did not have creditors for the year 1871 must be alleged; and if there were county creditors for that year their names and the amounts allowed and paid by the county should have been averred.      *Owens v. Ballard County Court,* 8 Bush (Ky.) 611. The petition was therefore fatally defective.

The title to the Act of February 19, 1873, is as follows: "An act in relation to the county levy of Lewis county and the collection of the same." The second section thereof exclusively refers to R. B. Lovell, and directs him, after he had gone out of office, to return to the county court the names of all delinquent taxpayers of the county levy for the year 1871 and 1872, and the tax-receipts of the same.

The subject of said second section is not embraced by the title of said act. The title does not give the slightest intimation that R. B. Lovell was commanded by the second section thereof to render personal services and surrender his private property without just compensation. The act recites the fact that he had gone out of office, and while he was in office the law made it his duty to return the delinquent list for each year of his term, and for a failure to do his duty in this respect he and his sureties were bound to answer.

If the delinquent list for 1871 and 1872 had been abstracted, lost or destroyed there was a plain mode pointed out by the statute for supplying them, but the legislature had no power to compel R. B. Lovell to supply their loss. It was not his duty, more than any other citizen, to supply their lost, destroyed or abstracted delinquent list. We can not see on what pretext it can be maintained that he shall surrender to the county court

under legislative command tax-receipts which either belong to him or some taxpayer. They are private property.

The second section of the act is, therefore, in our opinion, obnoxious to the Constitution (1879), Art. 2, § 37, and contrary to the fundamental right to acquire and hold private property, which is above and beyond legislative control.

Wherefore the judgment is *affirmed.*

*T. W. Mitchell, for appellants.*

*E. C. Phister, for appellees.*

[Cited, *Dance v. Pendleton County Court,* 5 Ky. L. 234.]