JOHN CASEY'S ADMR. *v.* LOUISVILLE & N. R. CO.

[Abstract Kentucky Law Reporter, Vol. 7—757, 759.]

**Judgment in Special Findings.**

> Where a verdict is found for the plaintiff in a damage suit against a railroad company for killing a person, and the special findings show that the death was caused by the wilful neglect of the brakeman operating the truck car, and the defendant claims there was no evidence to sustain such a finding, a motion for a judgment on the findings by the defendant should be overruled. Its proper remedy was to move for a new trial.

APPEAL FROM SHELBY CIRCUIT COURT.

April 22, 1886.

OPINION BY JUDGE PRYOR:

In this case there was a motion by each party plaintiff and defendant for a judgment on the special findings. The motion on behalf of the defendant should have been to set aside the verdict, because for the want of evidence to support it. The findings by the jury, if true, entitled the appellant to a judgment, and if not true entitled the appellee to a new trial.

The condition of the railroad track at the time of the accident had nothing to do with the case. The appellant was suing under the statute for damages on account of the death of his intestate caused by the wilful neglect of the railroad company, its agents and employes. The jury by a special finding said that the death was caused by the wilful neglect of two of the brakemen and assessed the damages at $2,500. Upon such a finding the plaintiff was entitled to a judgment, and if there was no evidence to support the finding instead of rendering a judgment for the defendant the court should have set aside the verdict and granted

a new trial. We see no distinction, in a case of this character, between a special and general verdict. If there had been no special verdict, but a general verdict and that verdict not sustained by the evidence, the motion for a new trial should have prevailed, and not a judgment for the defendant. So if the special verdict entitled the plaintiff to a judgment the court should set it aside and award a new trial. It is only where the special findings entitle the one party or the other to a judgment that the court is authorized to render it. There was no motion for a nonsuit, or if there was it did not prevail; but the case went to the jury, and the jury returned a special verdict that if true entitled the appellant to a recovery, and if not sustained by the evidence a new trial should have been granted.

No doubt the court, in entertaining the motion, based a judgment for the defendant on the ground that there was no evidence to support it. The right of recovery in this case depended upon the relation the deceased sustained toward the parties who are said by the jury to have caused, by their wilful neglect, the death of the intestate. A number of laborers were at work on the railroad, including the intestate, in transporting dirt on small truck cars a short distance, and were under the control of Collier & Aikers as section bosses. These small cars had for brakes rails that were inserted in a hole cut in the floor of the car, and when placed against the wheel retarded the progress of the cars. After loading the cars each one started off, the intestate on the first car and several others after him on a down grade. The hindmost car seems to have run faster than the others, and running against the car next to it caused it to strike with force the front car and the sudden jar knocked the intestate off his car, causing his death. The jury said the death was caused by the wilful neglect of the brakemen on the hind cars. They were called upon to apply brakes when the velocity with which the hind car approached was discovered, and this they neglected to do and hence the injury.

The only question in this case is whether the intestate and these brakemen were common laborers in the same line of service, and the one required to risk the contingencies produced by the want of skill on the part of the other. If the appellant's intestate is to be treated as a mere laborer on the road and the two parties as brakemen in the exercise of such duties as pertain to that office on railroads, then

the recovery for the death of the intestate may be properly based on the ground of wilful neglect. The proof, however, in this case conduces to show that brakemen on these truck cars are not selected by reason of their skill or care out of the number constituting these common laborers. Any of them may get on the car acting as a brakeman, it being a duty pertaining to all, and a right that each one can and does exercise, going first on the one car and then on the other. The jury do not find that the section bosses started these cars in too close proximity to each other, but that the loss of life was caused by the neglect of the two brakemen, and from the proof the one laborer was as much a brakeman as the other. If so the risk is taken by these parties in the same field of labor, and in the same grade of employment, as to all injuries that may happen by the neglect of their colaborers.

In *Louisville & C. R. Co. v. Carven's Admr.,* 9 Bush (Ky.) 559, it is said: "And it is equally as well established that where a number of persons contract to perform service for another, the employes not being superior or subordinate the one to the other in its performance, and one receives an injury by the neglect of another in the discharge of this duty, they are regarded as substantially the agents of each other, and no recovery can be had against the employer." So if the discharge of this duty as brakeman on the truck cars was common to all then we see no reason for a recovery in this case. The statute giving a remedy for the loss of life caused by the wilful neglect of another is but entangling the common-law rule or providing a remedy unknown to the common law; but at the same time the doctrine of the text-books as to the liability of the employer for the acts of those in his employment, except as to the degrees of negligence, must prevail. That if the injury was caused by one in the employ of another in the exercise of that employment the employer is liable regardless of the relation the wrongdoer and the injured party sustained toward each other at the time is not the meaning or purpose of the statute. The statute only gives a remedy for negligence causing the death of another that theretofore could not be maintained. As this case must be retried, the judgment is *reversed* and cause remanded with directions to set aside the judgment for the defendant and award a new trial, and for proceedings consistent with this opinion.

*G. N. Robinson, Foree & Foree, for appellant.*

*Bullock & Beckham, for appellee.*