CASE 31—PETITION ORDINARY—December 9.

# Volz v. Chesapeake, &c., R. Co.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

FELLOW-SERVANTS.—A master is not liable for an injury to one of his servants by the negligence of another servant of the same grade or rank and engaged in the same field of labor, although the negligence was gross.

The members of a crew of workmen engaged under the employment of a railroad company in driving piles on the road of the company were co-equals in the same field of labor, and therefore the company is not liable for an injury to one of the crew by the negligence of another.

L. J. CRAWFORD FOR APPELLANT.

1. Gross negligence makes employer liable even for act of fellow-servant of plaintiff. (Wagner v. Wetmore, 12 Ky. Law Rep., 638; Greenwood v. McHenry Coal Co., 14 Ky. Law Rep., 336; Doyle v. Swift's Iron & Steel Works, 5 Ky. Law Rep., 59; L. & N. R. Co. v. Robinson, 4 Bush, 539; L. & N. R. Co. v. Filburn, 6 Bush, 575; L. & N. R. Co. v. Brooks, 83 Ky., 135; L. & N. R. Co. v. Moore, 83 Ky., 675.)

2. Appellee is liable if appellant's injuries were caused by the negligence of appellee's servants or agents superior to or in control of appellant. (L. & N. R. Co. v. Moore, 83 Ky., 675.)

3. Appellee is liable for the acts of a fellow-servant of appellant if negligent in the selection and retention of such fellow-servant. (L. & N. R. Co. v. Moore, 83 Ky., 675; C., M. & St. Paul R. Co. v. Ross, 112 U. S., 377.)

4. Was the engineer a mere fellow-servant of appellant? (See L. & N. R. Co. v. Collins, 2 Duv., 114; Fort Hill Stone Co. v. Orme's Adm'r, 84 Ky., 183.)

GEORGE WASHINGTON FOR APPELLEE.

1. If an employe incurs a risk that is as well known to him as to his superior officers, and an injury results, he can not look to the railroad for compensation. (L. & N. R. Co. v. Shivell's Adm'r, 13 Ky. Law Rep., 903; 2 Thompson on Negligence, p. 1008; Bogenschutz v. Smith, 84 Ky., 338; Louisville, &c., R. Co. v. Cavens' Adm'r, 9 Bush, 565; Cooley on Torts, 542.)

2. Where two servants are in the same field of labor and in the same grade of employment, the one not superior or subordinate to the other,

Volz v. Chesapeake, &c., R. Co.

neither can recover of the master for an injury caused by the neglect of his co-laborer, although the neglect be gross or even willful. (83 Ky., 675; 84 Ky., 173; Casey's Adm'r v. L. & N. R. Co., 84 Ky., 79.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was a member of a crew of workmen engaged in driving piles on the road of the appellee. Through the gross negligence of a fellow-workman his arm was crushed and cut off while " ringing" a split pile by the premature fall of a hammer under the control of the fellow-workman. The foreman in charge of the crew was in nowise at fault or negligent upon the occasion of the accident.

Upon the conclusion of the testimony offered by the appellant, showing the state of case indicated, the court peremptorily instructed the jury to find for the appellee, and the question involved on this appeal is the correctness of that ruling; in other words, the question is whether the employer is to be held liable to his employe for an injury caused by the gross negligence of a fellow-workman of the same grade or rank and engaged in the same field of labor with the injured employe. The appellant cites a number of cases of this and the Superior Court in support of his contention ; and while we think the rule is clearly settled against him, we will review some of the authorities on the subject. In all cases, the principle upon which the employer is held liable is said to be that of agency—what he does through another he does himself. As to strangers, therefore, railroad companies are held liable for the negligence of their employes, whatever may be the grade of the negligence. When, however, a workman enters upon this admittedly dangerous service, he must be held to assume the ordinary risk

incident to the service. This is true of him whether he
be pile-driver, brakeman or conductor. He is presumed
to know the perils of the service, and he knows that there
will be want of ordinary care at times, by reason of which
he may be injured. In other words, that there will occur,
in the nature of things, "common blunders and ordinary
negligence" on the part of those among whom he is asso-
ciated. These contingencies he risks. But recurring
directly to the question at issue, what risks do fellow-
servants, working as co-equals in the same grade of serv-
ice, take with respect to their negligent acts affecting
each other?

Admidst all the confusion and diversity of opinion pre-
vailing in the different courts of the States on the general
subject of fellow-servants, we believe there is but one
answer given to this question. The differences obtaining
are with respect to the rules determining who are "fellow-
servants." On all hands it is said that such servants,
when of the same grade and engaged in a common field
of labor, are not the agents of the company with respect
to each other. Beginning with the first Kentucky case,
Louisville & Nashville R. Co. v. Collins, 2 Duv., 114,
it is said: "Among common laborers, constituting a dis-
tinct class, all standing on the same platform of equality.
and power, and engaged in a merely incidental, but inde-
pendent service, no one of them, *as between themselves and
his co-equals*, is the corporation's agent; and therefore *it*
is not, on the principle of agency or otherwise, responsi-
ble for damage to one of them resulting from the act or
omission of another of them, although each of the com-
pany's employes would be its agent as to entire strangers
to it." That case seems directly in point, and apparently

precludes the right of appellant to recover in this case.

In the case of Louisville & Nashville Railroad Company v. Robinson, 4 Bush, 508, and which is relied on by the appellant, the question was whether the company was liable to its brakeman for damage resulting to him by reason of the gross negligence of its engineer, and it was held that although the engineer and the brakeman were in the same line of service, and for that reason must be presumed to have mutually undertaken to risk all the contingencies which the ordinary skill and care of each other in his line of service could not avert; yet "this implied understanding between the company and its employes in the same class of service does not, as adjudged in the case of Collins (2 Duv., 114), exonerate the company from liability for damage resulting to one of such co-agents from the extraordinary or gross negligence of another of them." This was upon the principle decided in the Collins case, that it was the duty of the corporation to provide, among other things, a competent and faithful engineer, and those who were subordinate to him could not reasonably be presumed to expect or to hazard his gross negligence.

The rule in nearly all the States for determining who are fellow-servants is based on the character of the act being performed by the neglectful employe, and is not determined from his grade or rank or that of the injured servant. If it is an act that the law implies a contract duty upon the part of the employer to perform, then the offending employe, whatever may be his grade or rank, or by whatever name he may be designated, is not a servant, but an agent; but as to all other acts they are fellow-servants. These contract duties are said to be to furnish

suitable machinery and appliances, and keep them in repair, to select and retain sufficient and competent servants, and to establish proper rules and regulations for the safety of employes, such as keeping its road-bed clear of obstruction as far as practicable, etc.

This rule was never adopted in Kentucky, or, rather, this limitation on the responsibility of the principal was never admitted here, but from the start was extended so as to apply the rule of law applicable to principal and agent to a system based on the relation of the offending employe to the injured one; that is, his grade of service in point of being superior in power or authority to the other. And, still further extending the old rule, our courts said that employes working in a distinct and independent department, although in the same line of service —as engineers, operating different trains—were co-agents and not fellow-servants.

So, in Louisville & Nashville Railroad Company v. Filburn's Adm'r, 6 Bush, 574 — a case relied on by the appellant—the employer was held liable for the death of the engineer caused by the gross negligence of a "section boss," whose duty it was to keep the road free from obstructions. While this case was put within the rule announced in the Collins case, of liability for the gross negligence of co-agents in a distinct line of service, it may be observed that it easily falls within even the conceded rule by which it is made the " contract duty " of the company to furnish and keep its appliances—its road and bridges, etc.—in repair, and enforce such regulations as will afford reasonable protection to its employes.

In the case of Louisville, Cincinnati & Lexington Railroad Company v. Cavens' Adm'r, 9 Bush, 559,

the question was as to the liability of the company for damages resulting in the death of an engineer on one of its trains by reason of the gross and willful neglect of a conductor on another of its trains. And it was held that the company was liable even upon the assumption— though such an assumption was not held tenable—that there was no distinction between the offices of conductor and engineer, and that they were in the same line of service. They were working in distinct and separate departments and were co-agents. But it was there said that "where a number of persons contract to perform service for another, the employes not being superior or subordinate the one to the other in its performance, and one receives an injury by the neglect of another in the discharge of this duty, they are regarded as substantially the agents of each other, and no recovery can be had against the employer. . . . Public policy requires that when the laborers are co-equals and engaged in laboring in the same field or on the same railroad train or in any other employment, that each should exercise proper care in the conduct of the business, and look to it that his co-laborer does the same thing; and when he is told that this care and prudence is his only remedy against danger from the negligence of those employed with him, it not only makes him the more careful, but stimulates him to see that others exercise the same caution."

The case of Louisville & Nashville Railroad Company v. Brooks' Adm'r, 83 Ky., 129, relied on by the appellant, was where a brakeman lost his life by reason of the gross negligence of a conductor on the same train. It was held that the engineer and brakeman were not co-equals, and the employer was held liable on that principle.

In the case of Louisville & Nashville Railroad Company v. Moore, 83 Ky., 675, the question was as to the liability of the road for the gross negligence of a fireman, acting temporarily as an engineer, causing the death of a brakeman on the same train. It was held that the rule of principal and agent applied, and the company was held liable. In the course of the argument the court said: "Where a number of persons enter a common employment for another, all being upon a common footing and none superior or subordinate to the other, and one receives an injury by the neglect of another in his discharge of the undertaken duty, they are regarded as agents of each other, and no recovery can be had against the employer."

In Casey's Adm'r v. Louisville & Nashville Railroad Company, 84 Ky., 79, the injured employe was a common laborer as well as the servant injuring him, and the court refused to apply the principle of agency, saying that "the risk is taken by these parties in the same field of labor and in the same grade of employment as to all injuries that may happen by the neglect of their co-laborers."

In the case of Fort Hill Stone Company v. Orm's Adm'r, 84 Ky., 183, the deceased, Orm, and the person or persons to whom his death was attributable, were co-equals and engaged in a common employment. It was held that they must "be regarded as the agents of each other, and no recovery can be had against the employer."

In the last two cases cited, the liability of the companies was sought to be fixed on the ground of the gross and willful negligence of the servants, and the relief was

denied, not because the acts of the offending servants did not constitute gross and willful negligence, but because, as co-equals in the common employment, they were regarded as the agents of each other, and not of their employers.

The abstracts of the cases of Wagner v. Wetmore, 12 Ky. L. R., 638, and of Greenwood v. McHenry Coal Company, 14 Ky. L. R., 336, decided by the Superior Court, and cited with confidence by the appellant, seem to support his contention, but without the opinions before us we can not undertake to review them, and it is more than probable that they conform to the principles of the numerous cases herein cited.

Judgment affirmed.