CASE 82—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES—
MAY 2.

# Southern Ry. in Kentucky v. Clifford.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    REVERSED.

MASTER AND SERVANT—RAILROADS—FELLOW SERVANTS.

Held:   A brakeman and a fireman in the discharge of his ordinary
    duty of receiving signals from the brakeman and repeating
    them to the engineer are co-equal fellow servants, and the
    master is not liable for an injury to the brakeman by either
    the ordinary or gross negligence of the fireman.

HUMPHREY & DAVIE, FOR APPELLANT.

The petition alleges that the brakeman, Clifford, gave a signal
for the train to go slow and then stop, and that the fireman
or engineer, through negligence, either failed to see Clifford's
signal, or failed to obey it, and that he, Clifford, who was
the brakeman, went between the cars at Versailles to make a
coupling, and through the negligence of defendant his hand
was caught in making the coupling and was injured.

The court told the jury in the instructions that if there
was any negligence on the part of the fireman, or
if there was any negligence on the part of the engineer the
plaintiff could recover, and this raises the very interesting
question whether the brakeman and fireman, on the same train,
are fellow servants in the meaning of the law.

We contend that if the fireman failed to perceive and repeat
the signal of the brakeman to the engineer, the fireman was the
co-employe of the brakeman, and there can be no recovery for
the negligence of a co-employe in the same line of service, and
one not superior to the other.

## AUTHORITIES CITED.

Ency. of Law, vol. 7, old ed., pp. 866, 877; Bailey on Master
and Servant, secs. 2120, 2232; 112 Mo. 86; 63 Texas, 344; 49
Mich., 197; Elliott on Railroads, sec. 1330; McKinney on Fel-
low Servants, sec. 131; 83 Ky., 680; 83 Ky., 137; 94 Ky., 178;
15 Ky. Law Rep., 600; 95 Ky., 188.

.R. C. & J. J. DAVIS AND B. H. YOUNG, FOR APPELLEE.

We suppose the contention of the appellant will be that the negligence, if any, by which appellee received his injury was that of the fireman who received his signals, and that he was the fellow servant of appellee, and that however gross his neg. ligence there can be no recovery.

The doctrine of fellow-servantism is the creature of modern development, and, unlike many of the principles of the law, is not sanctioned by the fathers of the science, nor is it reverent with hoarfrost of age. Prior to the year 1837 it was unknown as a principle of the laws of the land, and is now neither uniform in its application, nor based on any principle of justice or humanity, and it is a matter of pride to every Kentucky lawyer, barring the representatives of corporations, that a law so unjust and without the support of right or reason should have met its first rebuff at the hands of a Kentucky court.

AUTHORITIES CITED.

N. N. & M. V. Co. v. Eifort, 15 Ky. Rep., 575; L. & N. R. R. Co. v. Moore, 83 Ky., 675; Brooks Case, 83 Ky., 135; Ross v. C. & M. Railroad, 112 U. S., 377; Collins Case, 2 Duvall; Robinson Case, 4 Bush, 509; Greenwood v. McHenry Coal Co., 14 Ky. Rep., 336; Filbern Case, 6 Bush, 574; Redfield on Railways, 1 vol., 544.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING. JUDGE GUF-. FY DISSENTING.

Appellee, Clifford, was in the employ of appellant as a brakeman on a freight train, and was injured while making a coupling of cars, and brought this action to recover damages for the injury. The cause of appellee's injury is stated to be the negligence of the fireman on the engine in failing to receive signals given to slow and to stop; also the negligence of the engineer to obey the signals given, and in "backing up" at an excessive and dangerous rate of speed. There was denial of negligence in either particular alleged, and a plea that the injury was caused by the negligence and carelessness of appellee himself. On the trial appellee introduced testimony which

tended to show that he gave the proper signals when he went between the cars to make the coupling, and that the fireman on the engine was in plain view and looking his way, and could easily see them, but that, when appellee went between the cars, the moving ones attached to the engine came back at a high speed, the witness estimated at eight miles per hour, and the appellee's hand was injured.    All this was flatly contradicted by evidence for the appellant, it being stated by appellant's witnesses that the engine "backed up" at about two miles per hour very slow. At the conclusion of the evidence for appellee a peremptory instruction was asked by appellant, and refused by the court. A trial resulted in a verdict and judgment for $2,000, and, after appellant's motion for new trial had been overruled, it prosecutes this appeal.

We are of opinion that the evidence on behalf of appellee, uncontradicted, was sufficient to have sustained a verdict for appellee, on the theory of the negligence of the engineer, or those in the charge of the train superior to appellee, and therefore there was no error in refusing the peremptory instructions asked.

The court, on its own motion, gave instructions as follows:

"(1) The court instructs the jury that if they shall believe from the evidence that the plaintiff gave the signal to hold up the engine to a very slow rate of speed, and also gave the signal to stop the train, upon the occasion mentioned in the petition, and the fireman or engineer of the train failed to observe or obey the said signals, and that the failure to observe or obey was, under all the facts and circumstances in evidence, gross negligence, and by reason thereof the plaintiff received the injury of which he complains, and that the plaintiff did not, by negli-

·gence upon his part, contribute to cause his injury, but for which he would not have been injured, the law is for the plaintiff, and they should so find.

"(2) But if the plaintiff did not give the said signals, or if he did give them, and the engineer or. fireman did not fail to observe or obey them, or if they did so fail, yet if the failure was not, under all the facts and circumstances admitted in evidence, gross negligence, the law is for the defendant, and they should so find.

"(3) Or if the plaintiff, by negligence upon his part, contributed to cause his injury, and he would not have been injured but for his contributory negligence, if any there was, the law is for the defendant."

Instruction No. 4 gives the measure of damages, and Nos. 5 and 6 define "gross" and "ordinary" negligence.

Instruction Nos. 3, 4, 5 and 6 seem to fairly state the law, but Nos. 1 and 2 are seriously assailed. By instructions 1 and 2 a recovery is permitted for the gross negligence of the fireman, and it is seriously contended that this is error, for the reason that it permits a recovery for the negligence of a fellow servant. In the case of Volz v. Railway Co., 95 Ky., 188 (14 R., 727) (24 S. W., 119), after a review of all the cases in this State, thus the rule is stated by Hazelrigg, J.: "In all cases the principle upon which the employer is held liable is said to be that of agency—what he does through another he does himself. As to strangers, therefore, railroad companies are held liable for the negligence of their employes, whatever may be the grade of the negligence. When, however, a workman enters upon this admittedly dangerous service, he must be held to assume the ordinary risk incident to the service. This is true of him whether he be pile driver, brakeman or conductor. He is presumed to know the

perils of the service, and he knows there will be want of
ordinary care at times, by reason of which he may be
injured. . . . But, recurring directly to the question
at issue, what risks do fellow servants, working as co-
equals in the same grade of service, take with respect to
their negligent acts affecting each other? Amidst all the
confusion and diversity of opinion prevailing in the differ-
ent courts of the States on the general subject of fellow
servants, we believe there is but one answer given to this
question. The differences obtaining are with respect to
the rules determining who are fellow servants. On all
hands it is said that such servants, when of the same,
grade and engaged in a common field of labor, are not
agents of the company with respect to each other." This
doctrine has been repeatedly approved by this court (Rail-
way Co. v. Sanders Adm'r. (Ky.) 44 S. W., 644; (19 Ky. L.
R., 1941) Edmonson v. Railway Co. (Ky.), 49 S. W., 200, 448;
(20 Ky. L. R., 1296) Linck's Adm'r v. Railway Co. (Ky.),54
S. W., 184; (21 Ky. L. R., 1097) Railway Co. v. Coleman
(Ky.), 59 S. W., 13), and is well settled. Instructions 1
and 2 are therefore error, in that they permit a recovery
for the negligence of the fireman, if it can be said he was
a fellow servant of appellee.

The pleadings and proof show that at the time of the
injury the fireman was performing his ordinary duties
on the engine. There is no pretense that the fireman
was performing any of the duties of the engineer, as was
the case in the Eifert case, 15 Ky. Law Rep., 575, the
Moore case, 83 Ky., 675, or the Foard case (Ky.), 47 S.
W., 342; (20 Ky. L. R., 646) but here his duty was to receive
the signals from appellee, and repeat them to the engineer,
who controlled the movements of the engine. In this, his or-
dinary duties as fireman, we are of opinion he was the fellow
servant of appellee, engaged in the same field of labor,

and for the negligence of this fireman towards appellee, a brakeman, appellant is not liable, whether the negligence be ordinary or gross. The engineer and conductor are superior to the fireman and brakeman, and represent the company in the movements of the train. For the negligence of either the engineer or conductor the fireman or brakeman could recover of the company, as in such cases there is an agent to represent the principal. For the errors indicated in instructions numbered 1 and 2, the judgment must be reversed, and cause remanded for a new trial, and for further proceedings consistent herewith.

Whole court sitting.

Judge Guffy dissenting.