JUDGE ROBERTSON
delivered the opinion oe tiie court:
This appeal is prosecuted for reversing a judgment in the appellee’s favor against the appellant for five thousand dollars, on a verdict for that amount in an action for the loss of a leg by being run over by a locomotive engine and tender, in the yard of the depot at Bowling Green, Kentucky. There were three tracks in the yard, with switches for regulating the movements of trains and engines coming in and going out. The engine and tender which ran on the appellee belonged to the passenger train, and the appellee was brakesman on a freight train of the company. Being in the yard, the appellee started on the central track to go out to the caboose of his freight train, and, while walking on that track, the engine and tender, on a signal given by the hand of the switchman, made a retrograde movement toward the appellee’s back and ran on him. That movement was sooner than usual or necessary, and without any audible signal; but the steam was up when the appellee started on the track. It does not appear that either the engineer or switchman, when the movement was made, saw the appellee on the track, or had any reason to apprehend that he would continue on it.
This case must be ruled by that of Louisville and Nashville Railroad Company vs. Collins (2 Duvall, 114), to the principles of which this court adheres without qualifica *509 tion. But, in one respect, the two cases essentially differ. Collins and the engineer, though employes of the same company, were, nevertheless, not in any way associated in the same kind of service; but the appellee and the engineer, in this case, were employed in the same running operations; and the fact that one served on a passenger and the other on a freight train, does not affect the reason and policy of implying, as between themselves, such associations, knoweldge, and trust, as to have induced an undertaking mutually to risk all the contingencies which the ordinary skill and care of each other in his line of service could not avert. But this implied understanding between the company and its employes in the same class of service does not, as adjudged in the case of Collins, exonerate the company from liability for damage resulting to one of such co-agents from the extraordinary or gross negligence of another of them. Gross neglect is either an intentional wrong, or such a reckless disregard of security and right, as to imply bad faith, and, therefore, squints at fraud, and is tantamount to the magna culpa of the civil law which, in some respects, is quasi criminal. But if the party complaining of hurt, by his own negligence contributed to it, he cannot recover damages from the company unless its cooperating agent, charged with gross neglect, could have avoided the impending damage by the observance of ordinary diligence, notwithstanding the neglect of the complaining party.
These are the principles recognized in Collins’ case; and the court below, in giving and overruling instructions, tried to conform to them. But they were not so defined as to enable the jury to apply the law to the facts with reasonable certainty; and, tested by the true standard applied to all the facts, the second instruction *510 given in appellee’s favor was evidently erroneous in omitting all consideration of tlie question whether he was not guilty of contributory negligence in walking and continuing on the central track when he did; and whether, after the locomotive car moved, ordinary vigilance and care by the engineer could have prevented the collision.
Wherefore, the judgment is reversed, and the cause remanded for a new trial.