JUDGE HARDIN
delivbbed the opinion op the court.
During a storm, which, occurred on the night of the 16th of March, 1868, a dead and partially decayed oak-tree, which stood on the road-bed and near the track of the Louisville & Nashville Railroad, fell across the track, by which the engine of an express-train, on its way from Nashville to Louisville, was thrown from the track, and Thomas Filbern, the engineer, was instantly killed.
The widow of Filbern, having become his administratrix, brought this action against the railroad company for the recovery of punitive damages, under the provisions *576 of “an act for the redress of injuries arising from the neglect or misconduct of railroad companies, and others” (2 Revised Statutes, 510); tbe petition alleging in substance that the life of the plaintiff’s intestate was lost in consequence of the willful neglect of the defendant in failing theretofore to remove the tree.
The answer of the defendant controverted the allegations of the petition, importing the charge of willful neglect; and also set forth as a defense that said Thomas Filbérn, by his own neglect and want of care as an engineer in the service of the defendant, contributed to and caused the accident which was the immediate cause of his death.
A trial of the case resulted in a verdict and judgment for the plaintiff for ten thousand dollars, and the court having refused to grant the defendant a new trial, it has appealed to this court.
Of the evidence it may suffice to say that, from the dead and decaying condition of said tree, and its proximity to the road, there had long been such apparent danger of its falling on the track, and thus imperiling the lives of passengers and employees on the road, as to require its removal; and therefore negligence, in some ■degree, was implied by the failure of the officers and agents of the corporation to remove it; and, moreover, the attention of the “section-boss,” an officer subordinate to an engineer, and subject to Us orders, had been drawn to the necessity of removing the tree but recently before the disaster; yet the danger and consequent necessity of removing the tree might have been observed by Filbern as well as by other employees engaged in running trains on the road; and if they were it was his duty to cause the removal of the tree, or report the necessity of doing so to some superior officer. ■
*577 The questions presented for the decision of this court, so far as deemed essential, involve the action of the court below in relation to instructions to the jury. Rejecting several instructions asked by each party, the court, of its own motion, instructed the jury, in substance, that it was the duty of the corporation to keep the road free from all objects and obstructions which might imperil the safe transit of trains; and that duty rested on all its agents engaged upon the road in the transit of trains, and especially on the road-master and his subordinates, the “section-bosses;” and if the jury believed from the evidence that either of these knew or was notified that said tree was decayed, and from its condition subject to fall or be blown down across the road, and thus imperil the safe transit of trains, and was so apprised long enough to have removed the peril, and failed to do so, such failure was willful neglect within, tbe meaning of the statute. And if the jury further believed from the evidence that the death of Filbern was caused by such neglect, and that he could not, by the use of ordinary care and diligence on his part as an employeevf the defendant, have avoided the consequences of such neglect, the law was for the plaintiff, and they should so find. If, however, Filbern, as engineer or employee of the defendant, by the use of ordinary care and diligence on his part, could have avoided the consequences of said neglect, and failed to do so, then the jury should find for the defendant.
These expositions of the law of the case are questioned, by the argument for the appellant, as erroneous and misleading, and we think rightly so. By the definition given by the court of the duty of the corporation,,as to objects and obstructions which might imperil the transit of trains, and the responsibility arising from the failure of the agents of the corporation to remove such causes of danger, the *578 jury were, in effect, told that ordinarily the defendant was not only liable for negligence, either proximate or remote, but that they must regard all accidents or misfortunes occurring in consequence of the falling or displacement of natural objects along the line of the road as the results of such negligence; and especially so if the objects were such as could have been removed, whether trees not apparently dangerous, or masses of stone or embankments which might fall upon the track, but probably never would.
From the nature of the country through which the appellant’s road passes, and the great expense if not the impossibility of rendering its track entirely secure from liability to accidental obstructions, it could not be expected that every possible cause of danger could be removed. And while, in the running operations of the road, the law exacts of the corporation a degree of care and vigilance commensurate with the importance of that business, and the peril which might arise from neglect, it is not required to provide against all such unforeseen accidents or misfortunes as could not be averted by the utmost diligence in the management of the road. And as the jury, in passing on the question whether there was or was not willful neglect of duty on the part of the corporation acting through its agents, may have been misled by a misapprehension of the scope and extent of the duties of the corporation, it was erroneous and prejudicial to it for the court, in its instructions, to ascribe to it obligations which the law did not impose.
It is contended for the appellant that as both Filbern and the “section-boss,” to whose delinquency the disaster is imputed, were engaged in the service of the corporation in the same general branch of its business, having in view the safe passage of trains over the road, the maxim *579 respondeat superior does not apply in behalf of the representative of Eilbern in this case, and we are referred to the cases of the Ohio & Mississippi Railroad Company v. Hamersley, 28 Indiana, 871; Wright v. New York Central Railroad Company, 25 New York, 562; Harwell v. The Boston & Worcester Railroad Company, 4 Met. (Mass.) 49, and other adjudged cases in this country and in England as authority. But so far as these decisions may support the principle asserted in this case, that the fact that the injury complained of was suffered by one employee in consequence of the neglect of another in the same general service exempted the corporation entirely from responsibility for the injury, it will suffice to say that this court, in the case of the Louisville & Nashville Railroad Company v. Collins, 2 Duvall, 114, carefully reviewed the rule now sought to be applied; and while therein exemption is conceded as to the common hazards incident to the acceptance of employment in connection with others, and which the employee is presumed to have undertaken to risk, the rule as applicable to cases of gross or willful neglect on the part of another servant, by whose want of fidelity or criminal fault harm results to his fellow-employee in the discharge of his duty, was rejected as “inconsistent with principle, analogy, and public policy;” ' and it was held in that case, as in' the subsequent case of the Louisville & Nashville Railroad Company v. Robinson, 4 Bush, 507, that the implied undertaking of employees in the vsame service to risk the contingencies which the ordinary skill and care of each, in his line of service, could not avert, did not exonerate the company from liability for damages resulting to one of such co-agents from the extraordinary or gross negligence of another of them. Adhering to the law as thus expounded by this court, we are of the opinion that the court did not *580 err in rejecting the rule contended for, as recognized in some of the English and American cases to which we have been referred.
It is further insisted that the court should have instructed the jury that if there was a neglect of duty on the part of Filbern as well as the section-boss in failing to cause the removal of the tree, the plaintiff could not recover. This was not the law if the section-boss or some other agent of the company than Filbern was alone guilty of willful negligence, causing the .death of the latter, although in his own sphere,he may have been guilty of some neglect of duty. (Louisville & Nashville Railroad Company v. Robinson, supra.)
But there is another and, we' think, fatal objection to the action of the court in so instructing the jury as to make the question of willful negligence depend on the knowledge or belief of the road-master or section-boss as to whether the tree was decayed and subject to fall or be blown down across the track, and his failure, though so apprised, to remove it. These were facts from which the jury might have inferred willful neglect, but they did not necessarily constitute it. Whether or not willful neglect is the same as gross neglect, or in any case more or less culpable, it must, we think, involve either an “intentional wrong, or such a reckless disregard of security and right as to imply bad faith,” and the court should have substantially so informed the jury.
Wherefore, for the reasons indicated, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.