JAMES DOYLE *v.* SWIFT'S IRON & STEEL WORKS.

[Abstract Kentucky Law Reporter, Vol. 5—59, as Doyle v. Swift Iron & Steel Works.]

**Negligence of Employer.**

An employe voluntarily assuming ·a character of labor that is dangerous and is injured is without remedy unless the employer by the exercise of ordinary care and caution could have prevented the injury.

**Assumption of Risk by Fellow Laborers.**

Subordinates engaged at the same time in the same work and with like power and control have no right of recovery against the employer for injuries to each other caused by their own neglect or want of care. They assume all such risks when they agree to work together as fellow laborers.

**Appliances Furnished Employes.**

An employe has the right to depend upon his employer to furnish safe machinery and appliances with which to work; and where such machinery is defective and so known to the employer, or by the exercise of ordinary care and caution the employer or his agents could have known the machinery was defective, and injury is caused thereby, the employer is liable.

APPEAL FROM CAMPBELL CIRCUIT COURT.

May 24, 1883.

OPINION BY JUDGE PRYOR:

The doctrine is well settled in this state that an employé voluntarily assuming a character of labor that is perilous, who is injured thereby, is without remedy against his employer unless the latter by the exercise of ordinary care and caution could have prevented the injury. So the employer or a subordinate under him, who is the superior of the party injured in the control and direction of the work, must be guilty of gross negligence before a recovery can be had. Subordinates engaged at the same time in the same work and with like power of control have no right of recovery against the employer for injuries to each other caused by their own neglect or want of care. They assume all such risks when they agree to work together as fellow laborers.

But the fact of contributory negligence on the part of the injured party will not prevent a recovery if the employer or the one controlling the work or superior in authority could have prevented the injury by the exercise of ordinary care, and in giving the third instruction the failure to require of the company or its agent the exercise of ordinary care, even if the action of the appellant contributed to the injury, was calculated to mislead the jury. The effect of the instruction as given is that if appellant contributed to cause the injury he can not recover, and loses sight of the fact that although the appellant may have been negligent the appellee must still use ordinary care. *Louisville & N. R. Co. v. Robinson,* 4 Bush (Ky.) 507; *Jacobs' Admr. v. Louisville & N. R. Co.,* 10 Bush (Ky.) 263.

The appellant in this case had the right to depend upon the company furnishing safe machinery for unloading the coal and if the machinery was defective and so known to the company, or by the exercise of ordinary care and caution the company or its agents could have known it was defective, and the injury was caused thereby, the company is responsible. We do not mean to adjudge that the machinery was defective or that the testimony authorized a recovery upon the issues made, but the court below permitted the case to go to the jury, and there being proof conducing to show a cause of action, if ever slight, it was for the jury to pass upon the issues of fact and not the judge.

The judgment, however, must be reversed for the reason that the appellee admitted that the receipt for $10 was not a bar to the re-

covery, by failing to deny the affirmative statements in the reply of the appellant to this branch of the defense. It is distinctly alleged that the receipt was not given as a settlement in full, but only to aid in defraying the expenses of the appellant while sick; and so represented at the time by the agent of the appellee, and purporting to be in full of all demands, it was obtained by fraud in the manner alleged. To this there was no rejoinder and the court should have told the jury that on the pleadings it was admitted that no settlement had been made. The proof may have returned a verdict for the defendant for the reason that this receipt evidenced a satisfaction of all claims for injury, when in fact it should have been excluded from the jury as the case then stood.

The judgment is therefore *reversed* for the errors indicated, with directions to award a new trial and for proceedings consistent with this opinion.

*Benton & Benton, for appellant.*

*George Washington, for appellee.*

[Cited, *Fort Hill Stone Co. v. Orm's Adm.,* 84 Ky. 183, 8 Ky. L. 70; *Ashland &c. R. Co. v. Wallace,* 101 Ky. 626, 19 Ky. L. 849, 42 S. W. 744, 43 S. W. 207; *Dana v. Blackburn,* 28 Ky. L. 695, 90 S. W. 237.]