CREAGER & WILHITE v. JOHNSON BROTHERS, Appellants.

Evidence: CONCLUSION: *False representations.* Where a real estate agent who claimed compensation for effecting an exchange of defendants' farm for a stock of goods, testified that he wrote defendants that the stock consisted largely of groceries, but in fact it was mostly general merchandise, and that he relied on the information he then had, the questions whether the goods were as represented, and whether the representation was through wrong information, were properly excluded as calling for conclusions which inevitably followed from the facts already stated.

CROSS-EXAMINATION. Where C. testified that his goods were exchanged for defendant's farm, and that plaintiff brought defendant's agent to C.'s place of business to exchange another tract of land for the goods, the questions on cross-examination whether he subsequently listed the property with anyone else, and who brought them the purchaser for the property on another deal, were properly excluded as having no reference to the direct evidence of the witness.

MATERIALITY. Where plaintiffs claim they effected a change of defendant's property, and defendant asserted that the trade was brought about by D., the question whether D. had received compensation for his services was properly excluded as immaterial.

NEEDLESS OPINION EVIDENCE. Where it was admitted that a first attempt to effect an exchange of defendant's farm for a stock of good was not successful, the opinion of a witness to that effect was properly excluded.

HARMLESS ERROR. Where defendant testified that D. had called his attention to a trade of his farm for a stock of groceries, the striking out of defendant's testimony, that D. told him if he would go to a certain town a trade might be effected, was harmless.

Assignment of Errors: An assignment that the court erred in rendering judgment for plaintiffs and against defendants on the evidence adduced, and in not rendering judgment for the defendants, was not sufficient to present the question on appeal that the evidence did not show that the contract sued on was ever consumated.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH,
Judge

SATURDAY, MAY 25, 1901.

ACTION to recover commission for finding purchaser of defendants' land. Trial to court, and judgment for plaintiffs. The defendants appeal.—*Affirmed.*

*F. M. Powers* and *H. W. Macomber* for appellants.

*Salinger & Korte* for appellees.

LADD, J.—The defendants exchanged 200 acres of land in Woodbury county to W. W. Carpenter for a stock of goods and building at Manning, Iowa. The plaintiffs claim to have found Carpenter as a purchaser under an alleged contract with defendants by the terms of which they were to receive from Johnson Bros. $1.00 per acre for all land sold or exchanged to customers found by plaintiffs. All of this is denied by defendants. They claim the exchange was effected through the agency of one Dougherty. As the action is at law, we are confined to a consideration of the points made by assignments of error and argued. It seems Creager had written defendants that Carpenter's stock consisted of groceries, though in fact composed largely of general merchandise, had so testified, and that he relied, in writing, on information he then had. He was afterwards asked the question, "It was not as represented?" and to state if the misrepresentation was through wrong information, to each of which objections were sustained. These simply called either for repetition, or for the conclusion inevitably to be drawn from the facts stated. Nor do we think the following question put to Carpenter proper cross-examination: "Subsequent to that, did you list this same property with anyone else?" and "who brought you the purchaser for this property on an other deal?" He had merely stated on direct examination that he was the man who had made the exchange in controversy, and that Creager had prev-

iously come to Manning, with an employe of defendants, to exchange another tract of land for stock. The question had no relation to the evidence. Again, there was no error in not allowing Dougherty, who, defendants claim, as agent, brought about the exchange, to say whether he had received compensation for his services. Payment by defendants would no more than indicate an opinion as to their liability, and was in the nature of a self-serving declaration. That the first attempt to exchange was not successful appears without dispute, and Carpenter's opinion to that effect was properly excluded. Complaint is also made of striking out on motion an answer of E. S. Johnson to the effect that Dougherty told him, while at Perry, that if he would go to Manning a trade might be made; that he went, and said to Carpenter that Dougherty had sent him. He had already mentioned that Dougherty had called his attention to the deal, and the other matters are fully stated in the latter's testimony and that of Carpenter, and are not controverted, so that if error were to be conceded, it was without prejudice. Lastly, it is argued that no contract such as is alleged was ever made, and that, if made, no customer for the exchange which in fact occurred was ever found by the plaintiffs. Unfortunately for appellants, these questions are not pointed out by any assignment of error. Only two of those made could by any possibility be deemed to cover them, and these are, "(20 In rendering judgment for plaintiffs and against defendants upon the evidence adduced"; and "(21) in not rendering judgment for the defendants." These merely refer the court to the whole record, and leave it to search for the grounds of the decision. This, it has been held, will not be done. Appellants should have pointed out the particular defect in the proof. As precisely in point, see *Tomblin v. Ball,* 46 Iowa, 190; *Klotz v. James,* 96 Iowa, 1; *Brewster v. Railway Co.,* 114 Iowa, 144.—AFFIRMED.