D. M. OSBORNE & COMPANY Appellant, v. RINGLAND & COMPANY, Appellees.

Sales: PRACTICE: ASSIGNMENT OF ERROR. Assignments of error which are omnibus in character will not be considered on appeal, nor can an assignment that the verdict is not supported by the evidence be considered, where it does not point out the error complained of.

Rescission: EVIDENCE OF. In an action for the purchase price of machinery, evidence that defendant tendered the machines back and afterward held them subject to plaintiff's order, is admissible, under a plea of rescission; evidence also of a conversation between defendant and plaintiff's agent relative to the terms of rescission is admissible.

Admission of Evidence: HARMLESS ERROR. Overruling an objection to a question calling for an agent's statements respecting his authority, is harmless error, where the witness says no statements were made; and whatever error there may have been in this instance, was cured by the court's instruction that the same should not be considered.

Burden of Proof: INSTRUCTION. In the absence of a request, failure to instruct with reference to the burden of proof, is not error.

Authority of Agent: EVIDENCE. Evidence on the question of an agent's authority to rescind a contract examined and held sufficient to take the case to the jury.

Practice: ASSIGNMENT OF ERROR: FAILURE OF PROOF. Where there is no sufficient assignment of error in the giving of an instruction relative to an issue in the case, the complaining party cannot be heard to say on appeal, that there was no evidence in support of the verdict.

*Appeal from Boone District Court.*—HON. W. S. KENYON, Judge.

FRIDAY, JANUARY 22, 1904.

ACTION at law to recover the purchase price of certain binders, sold and delivered to the defendants. Defendants

pleaded a rescission of the contract, and an offer to return the goods, based upon an agreement between them and plaintiff's agent. The case was tried to a jury, resulting in a verdict and judgment for the defendants, and plaintiff appeals.— *Affirmed.*

*Charles Whitaker* for appellant.

*W. W. Goodykoontz* and *S. R. Dyer* for appellees.

DEEMER, C. J.—Defendants gave plaintiff an order for eight binders. The goods were delivered to them, but some question arose over the nature of the order, and an agent of plaintiff called upon them to adjust the matter. It is contended by defendants that this agent, in consideration of their giving him an order for other goods, agreed to receive seven of the binders back—one of them being sold—and that they thereupon set apart the seven binders, and held them subject to plaintiff's order. The making of this alleged agreement to receive back the binders and cancel the indebtedness therefor is denied by plaintiff, and it also claims that, if any such agreement was made, it was by one without authority, and therefore not binding upon it. Defendants reply by saying that the agent in fact had authority, but, whether he did or not, that plaintiff ratified his contract by accepting their subsequent order for goods, and that it is estopped from pleading want of authority. The authority of the agent who it is claimed made the contract of rescission is in writing, the material part of which is as follows:

"The party of the second part, Eshbaugh, agrees to carry out faithfully all instructions of the party of the first part; to give such bond as may be required; to report all contracts, promises and agreements, of every description, made by him, with copies thereof, and that he will immediately report and remit all money, bills and securities received by him, for account of the party of the first part.

"The party of the second part further agrees that he will not borrow money of any agent of the party of the first part,

and that he will devote his entire time and attention to their business exclusively, and in all respects use his best efforts to promote their interests. The party of the second part further agrees that he will not make any contracts, promises or agreements or commence any suit whatsoever in the name of D. M. Osborne & Co. until duly authorized by the party of the first part, and that he will be responsible for all expenses, costs and losses sustained by the party of the first part by any unauthorized acts of his."

The order sent by defendants, which was taken at the time the agent made the agreement of rescission, contained the following among other provisions:

"Messrs. D. M. Osborne & Co., Chicago, Ills.—Gentlemen: You may ship me (or us) on or about at once, 1900, the merchandise listed below. Terms and cash discount as per list on back of this order. Deliver f. o. b. cars at Des Moines. Prices which I (or we) agree to pay with exchange or express charges are as below.

"This order must show all details. No verbal agreement will be recognized."

The cause went to the jury on three propositions: First, was such a contract as is pleaded by defendants in fact made? Second, did the agent making it have authority either real or apparent? And, third, did the plaintiff ratify the contract, assuming it to have been made? The verdict was for the defendants.

It is contended in argument that there was no occasion for submitting any of these issues, and that, as a matter of law, plaintiff was entitled to recover.

The case comes to us on assignments of error, and we must first look to them to see what, if anything, we have to consider.

The first, third, fourth, fifth and sixth of the original, and the first of the amended, assignments of error,

1. PRACTICE: assignment of error. are omnibus in character, and cannot be considered. Code, section 4136, and cases cited thereunder.

The other assignments read as follows:

"Second. That the verdict is not sustained by sufficient evidence, and is contrary to law, in this: There was no evidence that showed that the plaintiff had any knowledge of any verbal contract of June 28th, or at any other time, alleged to have been made between Eshbaugh and the defendant to cancel the written order for the seven binders, and therefore, could not ratify such alleged contract; nor was there any evidence showing that Eshbaugh had any authority to make any contract, except subject to the approval of the plaintiff company.

"Third. The court erred in the fourth instruction, in not inserting therein that it was necessary for the defendants to establish the affirmative defense by the preponderance of the evidence, and that there was no testimony upon which to predicate said instructions, and particularly the last clause.

"Fourth. The court erred in the fifth instruction, for the same reason as that of the fourth.

"Fifth. The only defense submitted to the jury by the court in the first instruction was an affirmative defense, and the court erred in failing to state that the defendants should establish the defense by a preponderance of evidence.

"Sixth. The court erred in giving the fourth and fifth instructions to the jury, for the reason that the court submitted to the jury by the first instruction only the affirmative defense, and the only question to be found by the jury was whether or not the plaintiff company ratified the alleged verbal contract to have been made by Eshbaugh June 28, 1900, and that the two instructions are based upon different issues from those submitted by the court in the first instruction.

"Seventh. That the court erred in overruling plaintiff's objection to the testimony of E. A. Ringland, as shown by page 28.

"Eighth. That the court erred in overruling plaintiff's objection to the evidence of T. A. Hanson, as shown on pages 29, 30, and 31.

"Ninth. That the court erred in submitting to the jury the question of whether or not the contract sued on in this case was canceled by the order for merchandise, marked 'Exhibit B' on the abstract."

The assignment that the verdict is not sustained by sufficient evidence cannot be considered, for that it does not point out the very error complained of. *Creager v. Johnson,* 114 Iowa, 249; *Mara v. Bucknell,* 90 Iowa, 759. The only matters we may possibly consider, then, are those stated in what are known as the second, third, fourth, fifth, seventh, eighth, and ninth assignments, before quoted.

The seventh and eighth relate to rulings on evidence.

E. A. Ringland, a member of the defendant firm, was a witness for his firm, and testified, over plaintiff's objections, that he tendered the machines back to the plaintiff, and was 2. RESCISSION: then holding them subject to their order. This evidence of. was manifestly proper, under the issues.

Hanson, another member of the defendant firm, was also a witness for the defendants, and testified fully to a conversation had with plaintiff's agent at the time he gave his subsequent order for goods. This was perfectly legitimate.

This further appears in the record: "Q. What, if anything, had Eshbaugh said to you as to his being agent? (Objected to as leading, incompetent, immaterial, and for the 3. ADMISSION further reason that an agent's authority cannot of evidence: be proven by the agent himself. Overruled. harmless error. Plaintiff excepts.) A. I cannot remember of anything. I remember the first time he came there it was in the spring of the same year. I had seen him before. Q. Had you any recollection of anything being said as to his capacity either at the time or at any other time? A. Not any more than he represented himself to be a general agent for the D. M. Osborne Company for that territory. (Objected to as incompetent, immaterial, irrelevant, and move to strike out the answer for the same reasons. Overruled. Plaintiff excepts.)" The answer to the first of the questions shows that the ruling on the objection thereto was without prejudice,

even if erroneous. As to the second, the motion to strike should probably have been sustained; but whatever error there may have been in the ruling was cured by the court in its instructions, which expressly directed the jury not to consider such evidence.

The third, fourth, and fifth assignments challenge the instructions because the court did not state that the affirmative defenses therein referred to must be established by defend-

**4. BURDEN of proof: instruction.** ants by a fair preponderance of the evidence. This complaint, of course, simply has reference to the court's failure to instruct as to who had the burden of the proof. Plaintiff asked no instructions on the subject and we have many times held that, in the absence of request, it is not error for the court to fail to instruct with reference to this matter. We shall not stop to hunt the cases, for they are familiar to the profession, and may readily be found.

The sixth assignment seems to be based upon the idea that instructions four and five are in conflict with the first. An examination of them discloses no such conflict.

This leaves the second and ninth only for consideration. The contention, as we understand it, is that there was no evidence to show that plaintiff's agent had authority to make

**5. AUTHORITY of agent: evidence.** the contract, or that the plaintiff ratified the same. Going to the second, we find that various witnesses testified without objection that Eshbaugh, who, it is claimed, was plaintiff's agent, was a general agent; that he transacted plaintiff's business in defendants' county; that he in fact made the contract for rescission as claimed; and that the order given pursuant thereto was approved by the plaintiff company. It also appears that he made the original agreement whereby the machines were delivered, and undertook to settle with defendant therefor. This, taken in connection with the contract of appointment, which we have already quoted, was enough to take the case to the jury.

But it is argued that there could be no ratification of the agent's contract, for the reason that plaintiff had no knowl-

edge of the contract of rescission. The instruction on this point is not complained of by any sufficient assignment of error and must therefore be accepted as the law of the case. It reads as follows: "As you have been told in the previous instruction, the plaintiff would not be bound by the act of an unauthorized agent unless it ratified or affirmed said action; and if you find from the evidence that the contract made by the said Eshbaugh, if such you find the fact to be, was without authority, but that the plaintiff ratified and affirmed the same, then said contract would be binding upon the plaintiff. And in determining whether or not the plaintiff did ratify said alleged contract to take back the binders in controversy, if you shall find said contract to have been made, you have a right to consider the correspondence between the parties, the delivery of the machinery, if any, the acceptance by the plaintiff of compensation for the same, the entire course of business between the parties, and all the facts and circumstances surrounding the transaction tending to throw light upon the question as to said alleged ratification. If, however, you find from the evidence that the agent, Eshbaugh, had no authority to make the said contract, and plaintiff had no knowledge of the same, and the circumstances were not such as to impart knowledge to the plaintiff of the making of the same, then there would be no ratification upon the part of the plaintiff company." If it was proper to give the instruction, and plaintiff concedes that it was by failing to make any sufficient assignment of error thereon, then it is in no position to complain; for it assumes that there was sufficient evidence on which to base it, or at least that there was no error in submitting the question to the jury. That being true, it cannot now be heard to say that the verdict has no support in the evidence. It may have been based upon some other instruction, and, if that be true, and plaintiff is in no position to challenge this one, then it cannot complain of the verdict as being without support, if there be any tenable ground on which it might have been sustained. The agency contract

6. PRACTICE: assignment of error: failure of proof.

which we have quoted is peculiar. Two constructions may fairly be put thereon: One, that the agent had authority to make all kinds of contracts, provided he furnished copies thereof to plaintiff; and the other, that he had no right to make any contracts except such as were expressly authorized by separate grant of power. Such an instrument should be construed most favorably to the party dealing with the agent. But whatever the construction, the principal will be bound by the apparent and visible interpretation which it puts upon the contract. In other words, it is bound by all contracts of its agent within apparent scope of his authority. *Spence v. R. Co.*, 117 Iowa, 1.

Many other matters are discussed in argument, but, as they are not bottomed on sufficient assignments of error, we do not consider them. There is no merit in any of the assignments of error which are sufficiently specific, and the judgment is AFFIRMED.