JUDGE HARDIN
delivered the opinion of the court.
John. Mahony, a laborer, employed by the Louisville, Cincinnati and Lexington Railroad Company to accompany one of its construction trains, and work in the loading and unloading of its cars used in constructing the branch of the road terminating at Covington, having been killed by an accident to the train which occurred on the morning of the 11th of February, 1869, this action was brought by the appellee, his widow, who became his administratrix, for the recovery of punitive damages against the corporation, under the provisions of the act of March 10, 1854 (2 Rev. Stat. 510), for alleged willful neglect of the agents of the company, resulting in the death of Mahony.
The defense controverted the material averments of the petition importing willful neglect, and upon a trial of the issue thus formed a verdict and judgment were rendered for the plaintiff for four thousand dollars; and, the court having refused to grant a new trial, the defendant has appealed to this court.
It appears that the disaster causing the death of Mahony occurred at a deep cut in the road-bed as the train conveying a number of laborers to their place of work was proceeding from Covington before daylight in the morning; the train consisting of several platform-cars, which were driven before the engine for some purpose of convenience instead of being drawn by it, and running with slackened speed, but perhaps at the rate of seven or eight miles an hour, and being thrown from the track by some defect in it or obstruction causing the forcing of the cars upon each other, and the wreck of the train by the force of the engine behind it. Whether these, and other facts developed on the trial sustained the charge of willful neglect, it was the peculiar province of the jury to determine. But before' proceeding to examine the rulings of the court as to instructions to the jury we will dispose of some preliminary questions which have been raised in the argument.
*238 In the progress of the case the circuit court overruled a motion of the defendant to require of the plaintiff security for costs, and this is complained of as error; but whether it was or not, it not having been made a ground for a new trial in the court below, it is not now an available cause of objection to the judgment in this court. (Slater v. Sherman, 5 Bush, 206.)
It is further objected that the court erred in admitting proof of the ages and number of Mahony’s children made orphans by his death; but, in our opinion, the evidence was admissible both because, the object of the statute conferring the right of action being compensatory as well as punitive, the condition of the family of the deceased, bereaved by his death, directly and essentially affected the question of damages, and because the action was of that peculiar kind in which all attendant circumstances of aggravation which go to characterize the wrong complained of may be given in evidence. (Sedgwick on the Measure of Damages, 465.) The appellant also complains that the court erred in permitting a witness to testify as to the probable period of Mahony’s natural life by reference to a recognized American life-table; but in this the action of the court was in conformity to the decisions of this court in O’Donnell v. O’Donnell’s executor, &c., 3 Bush, 216; and Alexander’s executrix v. Bradley, ibid. 667.
With reference to the objection that testimony was admitted as to the pecuniary condition of the appellant, we deem it sufficient to say that in this as in other, cases for the recovery of punitive or exemplary damages it was not improper to allow proof of the pecuniary ability of the defendant.
The only remaining and, as we think, most important inquiry is as to the action of the court in passing on the propositions to instruct the jury.
The court having, as seems to us, correctly presented to the jury the law governing the question of willful neglect, *239 refused to instruct the jury on the motion of the defendant, in substance and effect, that although there might have been neglect on the part of the agents of the defendant, if Mahony was guilty of contributive neglect, or could have avoided the injury resulting in his death by ordinary diligence and care, the plaintiff ought not to recover; and it is now insisted that in refusing to so instruct the jury the court erred to the appellant’s prejudice; but we are of a different opinion. Although Mahony may have acted negligently in riding on some one of the cars instead of another deemed less dangerous, or might, notwithstanding the wreck of the train, have effected his escape by the use of ordinary diligence; yet if the disaster which proved fatal to him resulted from a willful neglect of duty on the part of other agents of the defendant than himself, and who controlled the running operations of the train, and it might have been prevented or avoided by them by the use of ordinary prudence and care in the discharge of their duty, the defendant was not exonerated from responsibility. (Louisville and Nashville Railroad Co. v. Yandell, 17 B. Mon. 586; Same v. Sinkings, 5 Bush, 1; Same v. Collins, 2 Duvall, 114; Same v. Robinson, 4 Bush, 507; Same v. Filburn’s administratrix, 6 Bush, 574.)
We do not perceive in either of the instructions or rulings of the court any sufficient'ground for a reversal of the judgment.
Wherefore the judgment is affirmed.