CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
The grounds relied on for a new trial in this cause are—
First. Because of errors of law occurring on the trial, and excepted to by defendant at the time.
Second. Because the court erred in refusing instructions asked by defendant.
Third. Because the verdict is contrary to the evidence.
The third alleged error is not insisted on in this court, and will not be noticed in this opinion.
As to the second alleged error, it is only necessary to say that the bill of exceptions does not show that the court below refused to give any instructions, nor that any were asked by the defendant. >
It was not made a ground for a new trial that the court erred in giving instructions, unless ground number one can be considered as raising that question. That ground is a literal copy of sub-section 8, of section 369, Myers’s Civil Code of Practice. This court has in several unpublished opinions held that in order to take advantage of ■ the errors intended to be embraced by this sub-section, the party must specify the particular error complained of. The law-makers generalized in order to cover all errors to which exceptions might be taken, not embraced by some one of the preceding seven sub-sections; but they did not intend that the entire trial and every step taken in it should be opened, and the circuit court compelled to review each and every ruling excepted to, in order to discover whether or not any of them had prejudiced the unsuccessful party, by the mere act upon his part of adopting their language.
The ground for the new trial must be specified, otherwise the party excepting will be regarded as having waived the supposed error. (Slater v. Sherman, 5 Bush, 206; L., C. & L. R. R. Co. v. Mahony, 7 Bush, 235.) In this ease the appellant excepted to the instructions given, but he did not specify that alleged *299 error in his motion for a new trial; consequently he can not rely on it for a reversal of the judgment by this court.
These conclusions necessarily lead to an affirmance of the judgment of the court below.