JUDGE HINES
delivered the opinion of the court.
This action was instituted in the Owen Circuit Court, Oct. 30,1872, to recover of N. H. Williams, sheriff, and his alleged sureties on his county-levy bonds the sum of $11,788.71. The court below rendered a judgment by default against all the defendants, for the amount claimed, and that judgment, on appeal to this court, was reversed in June, 1873, because the petition failed to allege a proper demand from the sheriff of the amount claimed to be due on settlement. (Owens v. Ballard County Court, 8 Bush, 611.) On the return of the case the petition was amended, the several defendants, now appellees, filed answers, and the law and facts having been submitted to the court, judgment was rendered by default against N. H. Williams, and dismissing the petition as to the appellees. From that judgment this appeal is taken.
Numerous errors are assigned by the appellant for reversal, but as this is an action at law we can consider only such errors as were relied upon in the court below on the motion for a new trial. They were:
1. Irregularity in the proceedings of the court, by which the plaintiff was prevented from having a fair trial.
2. The decision is not sustained by sufficient evidence.
3. The decision is contrary to law and evidence.
4. Error of law occurring at the trial and excepted to by plaintiff.
It has been repeatedly held by this court that no error can be taken advantage of on appeal unless it be specifically re *300 lied upon in the grounds assigned in support of the motion for a new trial. (McLain v. Dibble & Co., 13 Bush, 298.) Tested by these rulings, it is manifest that we can only inquire whether the evidence is sufficient to uphold the judgment. The admission and rejection of evidence as well as other objections to the judgment, urged by counsel for appellant, must be disregarded.
Unless the finding is palpably against the evidence adduced to establish the facts necessary to support the judgment, we must affirm it. To determine this we will inquire what those facts are.
In order to recover against the sureties in the bonds it must appear, among other things, that the sheriff had been directed by the county court to pay to J. W. Perry the ascertained balance in his hands, and that Perry made such demand of the sheriff before the institution of this suit.
On this point J. C. Strother says, a few days before the suit was brought he heard Perry tell Williams, the sheriff, that he had been appointed by the county court to collect the amount due the county from him; to which Williams replied, I will try to arrange it.
R. H. Williams, the sheriff, says, Perry, county attorney, never demanded any money of me that I recollect of. He never said, you must pay over to me the county levy and tax, that I know of. He never exhibited to me any order of the county court, or other authority, for collecting of me any of the county money.
The allegation of the amended petition that the demand was made, is specifically denied in the answer of each of the appellees, and this is, in substance, all the evidence on that point.
It sufficiently appears that J. W. Perry, by appointment from the county court, settled with the sheriff, and that he was properly authorized to make demand for the balance found to be due from the sheriff.
*301 There were two bonds sued upon, one bearing date February 20, 1871, with the names of S. F. Williams, F. M. White, and J. M. Smith, as sureties, and the other, made in response to a rule requiring the sheriff to give additional security, bearing date December 18, 1871, and signed by Thornley Schooler and J. S. Swope as sureties. To these bonds each of the sureties pleaded non est factum.
To the bond of February 20, 1871, the name of S. F. Williams was signed by the county clerk, and Williams testifies that he never gave any one authority to sign his name, while the clerk testifies that he does not know who directed him to put the name of S. F. Williams to the bond, but that he would not have done so without authority. The county court record shows that this bond was executed in open court, but Smith, White, and others are permitted to state that it was signed by Smith and White in the clerk’s office when no court was in session. Whether any of this evidence should have been admitted to impeach the record we can not inquire, as we have already stated, because the objection to its competency was not saved in the grounds for a new trial, but considering it as it stands with other evidence in the case, it certainly strongly conduces to prove that the bond was not delivered to or accepted by the county court, and that it was not signed by S. F. Williams in person or by any one authorized to sign for him.
In reference to the bond signed by Schooler and Swope, dated December 18, 1871, the evidence goes to show that it was never delivered to or accepted by the court, and that the parties signing it did so upon the express understanding, with the principal R. H. Williams and the county judge, that the bond was not to be delivered to, approved by, or accepted by the court, until certain other named persons should sign it. There is no formal order accepting this bond. Whether any other or greater formality is required by the statute in taking *302 the general bond of the sheriff than is necessary to the validity of the levy-bond we need not inquire, as it is manifest that in any event there must be a signing, delivery, and acceptance of the bond to render it obligatory, and the records of the county court must show in some form the delivery and acceptance.
In Chamberlin & Tapp v. Brewer, &c., 3 Bush, 563, the sureties to a sheriff’s bond pleaded that when they signed the bond, which was in open court, the name of one D. V. Brewer, to the bond as surety, was a forgery, and that the principal and the county court represented to them that Brewer had signed the bond. The court held the defense good.
In Fletcher, &c. v. Leiglit, Barrett & Co., 4 Bush, 304, theré was an order of the county court approving the general bond of the sheriff, and among the names of the sureties mentioned in the order was there of W. B. Ely, who in fact never signed the bond. It was then held that this was not an order approving the bond actually executed, and that it was not therefore binding upon the sureties who did not sign it. It is true, as counsel suggest, that that case arose on the general bond of the sheriff, which the statute expressly requires shall be approved by the county court, while it is silent as to this matter in reference to the county levy and revenue bonds. This omission, we conceive, does not authorize the application of a different or more lax construction when considering the last-mentioned bonds.
The law requires them to be executed before the county court, makes that court the judge of the sufficiency of the sureties offered, and holds its presiding judge responsible for a failure to discharge his duty in that particular; and, being a court of record, its acts in the premises can be established only by its records.
We can not say, from the evidence as exhibited in the bill *303 of exceptions, that the court below might not have properly found for the defendants because of the failure to show demand, to show acceptance of the bond of December 18, 1871, or upon the plea of non est factum.
Judgment affirmed.