CASE 38—PETITION ORDINARY—JUNE 3.

# Jones v. Wocher, Richie & Hanford.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE POWER OF THE WIFE TO BIND THE HUSBAND rests upon the ground of agency, either express or implied. As to the purchase of necessaries for the family, and in matters relating to the household, such a power or agency is implied from the relation of husband and wife merely. As to other matters, the wife has no power to bind the husband, unless she has been expressly authorized by him to do so, or unless her authority to bind him can be implied from his conduct.

In this action to recover of the husband the price of goods delivered to the wife for sale in a store conducted by her, it appears that the husband, to obtain the means to buy the store, united with the wife in a mortgage of property he had given her; that he received the money so obtained, placed it in bank to his own credit, and then checked it out and gave it to her to purchase the store. The wife, who was not a *feme sole*, carried on the business for nearly two years, the family in the meantime living over the store. There is testimony tending to show that the husband promised to pay the debt. The husband testifies that the wife carried on the business with her own means, and against his will. *Held*—That the testimony was sufficient to authorize the jury to find that the husband, by his conduct, had authorized his wife to make the purchases, thus making them his own, and, therefore, a verdict for the plaintiff will not be disturbed.

2. EVIDENCE.—It was competent to prove that the husband had promised to pay the debt, as such testimony tended to show that the debt was regarded as that of the husband.

3. GROUNDS FOR NEW TRIAL.—That "the verdict is contrary to law" is not a good ground for a new trial. Such a statement is too general.

FONTAINE T. FOX FOR APPELLANT.

1. The second paragraph of the reply pleading that the husband ratified and approved the wife's conduct in trading, and expressly promised "to pay the balance due thereon," was a departure from the cause of action stated in the petition, and the court properly sustained a demurrer thereto. (16 O. S., 533-9; 18 O. S., 262; 4 Mo. App., 470; 78 Ind., 249; 5 Bekf., 246-307; 1 Bibb., 273, 452; 4 Bibb., 27; Hardin, 171; Robinson's Pleading and Pr., vol. 7, pp. 706-7, 714, 715.)

Plaintiff having stood on this pleading, all questions as to the ratification and approval of this bill by defendant, and of his promise to pay, are eliminated from the case.

Jones v. Wocher, Richie & Hanford.

2. The wife is the agent of the husband to buy the necessaries for the family, but for no other purpose, unless so appointed or recognized, or her conduct is ratified by him, and the previous authority or subsequent ratification can only concern those matters in the household which may be in excess of the actual necessaries of life suitable to the husband's station. (Smith's Leading Cases, last edition, part 1 of vol. 2, pp. 461-514; Bently v. Griffin, 5 Taunt., 356; Metcalfe v. Shaw, 3 Camp., 22; Freestone v. Butcher, 9 C. & P., 643; Tuttle v. Hoag, 36 Mo., 40; Connerat v. Goldsmith, 6 Ga., 14; Moses v. Fogartie, 2 Hill (S. C.), 335; Benjamin v. Benjamin, 15 Conn., 347; Shelton v. Pendleton, 18 Conn., 417; Taylor v. Shelton, 30 Conn., 122; Sawyer v. Cutting, 23 Vt., 486; Carter v. Howard, 39 Vt., 106; Patridge v. Stocker, 36 Vt., 108; Savage v. Davis, 18 Wis., 612; Pickering v. Pickering, 6 N. H., 120; Gates v. Brower, 9 N. Y., 205; Green v. Sperry, 16 Vt., 392.)

This case is altogether unlike that of Uhrig v. Horstman & Sons, 8 Bush, 172.

3. As the debt sued on was the debt of the wife, the alleged promise of the husband to pay it was not binding unless in writing.

4. To constitute the wife a public merchant two things are essential: (1) that the business be conducted in her name; (2) that it be separate from that of her husband. (Chauvier v. Fliege, 6 La. Ann., 56; Sarran v. Ragoruffle, 12 La. Ann., 350; Christensen v. Stumpff, 16 La. Ann., 50; 40 La. Ann., 262.)

This case fully meets both of these essentials.

AUGUSTUS E. WILLSON FOR APPELLEES.

1. The court erred in sustaining defendant's demurrer to the second paragraph of the reply. Departure is not a ground of demurrer.

But sustaining the demurrer did not make testimony incompetent which tended to show that defendant agreed to pay for the bill of goods alleged to have been sold and delivered to him, it being alleged in the *petition* that defendant promised to pay for the goods.

2. " That the verdict is contrary to law " is not sufficient as a ground for a new trial. It is too indefinite.

3. When a man's wife who is not empowered as a *feme sole* runs a millinery store for several years, and he lives in the building over the store, and finally promises to pay a bill, the law presumes the goods were sold to him, and that the business was carried on by his authority.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

No exception was taken by the appellant, Arthur Jones, to the instructions given to the jury, nor to

the refusal of the court to give those asked by him. The only grounds upon which a new trial was asked are: "(1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law."

This court has repeatedly decided that a mere statement that the finding is contrary to law is too general to admit of consideration. It calls the attention of the court to no particular error, and the lower court should not be required, upon such an indefinite statement, to spend its time, and possibly exhaust its patience, in reviewing its action during the entire trial to see if any step has been taken in the wrong direction. Fairness to it, as well as the interest of litigants and the public, requires that the complaining party should indicate, at least with such certainty as is reasonably calculated to call the attention of the court to it, the particular error upon which he bases his complaint. The single question, therefore, presented by this record upon this appeal is, whether there is any evidence to support the verdict.

The petition is in form *assumpsit* for the balance of the price of a bill of merchandise sold the appellant by the appellees. It avers that it was sold and delivered at his request, and that he promised to pay for it. The evidence discloses that the goods were delivered to the wife of the appellant for sale and use in a millinery store conducted by her. The answer of the appellant contains a denial of the averments of the petition, and then avers in substance that the goods were sold to his wife without his knowledge or consent; that they were not necessaries for her or the family; that the credit was given to her, and that

he was in no way interested in the purchase, and derived no benefit from it. The reply denies these averments, and in a second paragraph avers that the appellant knew his wife was carrying on the millinery business; that he at times advanced money therefor, and was informed of the purchases by her from the appellees after they were made, ratified them, and promised to pay the debt.

The lower court sustained a demurrer to this portion of the reply upon the ground that it was a departure from the appellees' original pleading. Whether it did so properly, or upon the proper ground, it is unnecessary to determine. It seems to us, however, the real objection to this paragraph of the reply is, that it details what the pleader expected would be shown by the evidence. Upon the trial a disinterested witness testified that the appellant had promised to pay the account. It is urged that this evidence was inadmissible, inasmuch as the court had rejected the second paragraph of the reply, and that it was, in any event, unavailing, as if true, it was a promise to pay the debt of the wife, another party, and, not being in writing, was within the statute of frauds, and not binding upon the appellant. The averment of the petition that the appellant had promised to pay the account made this testimony competent. No further pleading was necessary to render it admissible. Whether it was his debt was the issue. This was affirmed upon the one side and denied upon the other. This testimony elucidated this issue. It tended to show how the parties to the suit had regarded it. It is true the appellant.

testified that he had never made any such promise. The relative weight, however, to be given to these two witnesses was a matter for the jury.

The counsel for the appellant contends that the question at issue is, whether a husband is liable for a debt made by the wife when trading as a milliner with her own means and against the will of her husband, she not having been made a *feme sole*, as authorized by the statute. In the discussion of this question he has cited many decisions, and supported the negative view of the question with many reasons, which evince both careful research and consideration. In doing so, it is improperly assumed, however, that the case is entirely one-sided as to the facts. It is assumed that the evidence of the appellant is absolutely true in all respects, and that there is no contradictory evidence and no counter circumstances which, to any extent, support the finding of the jury. Herein consists, in our opinion, the mistake of counsel.

Undoubtedly, the power of the wife to bind the husband rests upon the ground of agency, either express or implied. As to the purchase of necessaries for the family, and in matters relating to the household, such a power or agency is implied from the relation of husband and wife merely. To this extent she is, *ipso facto*, his agent, because she is his wife. Thus far the authority is presumed from their relation to each other. The power is limited, however, to the duties and necessities of this relation. When this boundary is passed an agency upon her part for him must be shown in order to bind him, just as if she did not occupy the relation of wife to him. Such an

agency may, however, be shown by express authority, or it may, of course, be implied from his acts and conduct. It is true the appellant testifies that his wife was carrying on the business with her own means and against his will; that he had notified those with whom she dealt, so far as they were known to him, that he would not be responsible for the debts she might create; that he had not so notified the appellees, as he did not know that she was dealing with them; that he never put any means into the business, and derived no benefit from it, and that its being carried on was not necessary to the support of his family.

Upon the other hand, it appears, however, that he gave to his wife a house and lot; that he united with her in a mortgage of it to obtain the means to buy the millinery establishment; that he received the money so obtained, placed it in bank to his own credit, and then checked it out and gave it to her to purchase the store. It also appears that the wife, who was not a *feme sole*, had carried on the business for nearly two years, and perhaps longer, the family, in the meantime, living over the store, and that the appellees knew she was a married woman, because one of the firm had met her husband. Moreover, as already stated, there was testimony tending to show that he had promised to pay the debt. The wife could incur no personal liability by contract, as she was not a *feme sole*. It was a question of fact whether he had assented to her carrying on the business, thus making it, in fact, his own, and whether the purchases, although made through her, were, in

fact, his own by reason of his authorizing her by his conduct to make them. There was evidence *pro et con* upon the question. In determining it, the jury had a right to consider not only the appellant's testimony, but any counter circumstances. The pleadings are sufficient to support the verdict, and, upon the state of case above indicated, the only question presented being whether the evidence authorized the verdict, the judgment must be and it is affirmed.