Case 57.—ACTION BY MIKE HATFIELD BY HIS NEXT FRIEND AGAINST W. Q. ADAMS, FOR DAMAGES FOR PERSONAL INJURIES.—Oct. 9.

## Hatfield by &c. v. Adams.

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for Defendant. Plaintiff appeals. Affirmed.

1. ⸳ Master and Servant—Injury to Servant—Scope of Employment—A master is not liable for an injury done to a servant unless it be shown that the injury was received in the performance of a service for the master within the scope of the employment of the person injured.

2. Same—Negligence of Superior—Authority to Represent The Master—A master is not liable for an injury to an employe unless it be shown that the servant through whose negligence the injury resulted had authority to represent the master and by reason thereof was the superior of the person injured.

W. SCOTT MORRISON and W. T. OWEN attorneys for appellant.

### POINTS AND AUTHORITIES.

1. It is the duty of the master who employs a youthful or inexperienced servant and subjects him to the control of another servant to see that he is not employed in a more dangerous or hazardous position than that for which he was employed and to give him such warning of his danger as his youth or inexperience demands and this responsibility cannot be shifted to another servant. (McKinney on Fellow Servant, Secs. 24, 39 and authorities cited in support of text. Hinckley v. Horazdowsky, L. R. A., 490; Sher-

man and Redfield on Negligence, 5th Edition, section 146; Cohen v. D. D. & B. R. R. Co., 69 N. Y., 170; Thompson on Negligence, Vol. 1; Sec. 523; City of Owensboro v. York, Admr. 25 Ky. Law Rep., 1399).

2. Where the evidence conduces in any degree to establish the right of recovery, it is improper to give a peremptory instruction, and in determining whether such instruction should be given, the court should look alone to the evidence of the plaintiff, (L. & N. R. R. Co. v. Howard, 82 Ky., 212; 6 Rep., 163; Shelby v. C. M. O. & T. P. R. R. Co., 85 Ky., 224, 8 Rep., 928; Zeigle v. Robertson, 12 Rep., 558; Tubb v. Cincinnati R. R. Co., 7 Rep., 528; Com. v. Tate, 89 Ky., 587, 12 Rep., 1; Wood v. McCombs, 5 Rep., 694; Curtis v. Louisville City R. R. Co., 14 Rep., 271; Buford v. L. & N. R. R. Co., 82 Ky., 286).

MILLER and TODD for appellee; GLENN and RINGO of counsel.

### POINTS AND AUTHORITIES.

1. The appellant can rely only on such errors as were assigned as grounds for a new trial in the court below, and for this reason the only question to be considered on this appeal is, as to whether the peremptory instruction should have been given to the jury. (McLain v. Dibble & Co., 13 Bush, 297; Commonwealth &c. v. Williams, &c., 14 Bush, 297; American Ins. Co. of New York v. Austin, &c., 18 R., 632; Green v. Culver Hull & Co., &c., 19 R., 186; Blythe v. Owen, 3 R., 328; Bank of Columbia v. Bush 3 R., 692; Combs v. Hargis, 4 R., 446; Artsman v Thomas, 4 R., 430; Burks v. McFela, 4 R., 833; Barclay v. Smallhouse, 4 R., 894; Ruark v. Mansfield, 5 R., 851; Cen. Pass. R. Co. v. Speith, 10 R., 157).

2. The doctrine of respondeat superior rests on the law of agency and the negligent servant must have such relation to the master and to the injured party as will make his act the act of his principal. The alleged negligent servant in this case did not occupy such relation to the injured servant, and master as to make his alleged negligent act the act of the principal, and the peremptory instruction given by the court below was proper. (L. & N. R. Co. v. Collins, 63 Ky., 114; Volz v. Chas. &c. R. Co., 95 Ky., 188; Labatt on Master & Servant, section 470).

3. What is known as the "department doctrine" is in force in this state. (Labatt on Master & Servant, sections 500 and 549 and Kentucky, cases cited in notes to last section, also cases cited in number 2).

4. Under the averments of the petition and the evidence on both sides, Pendleton had no power or authority to direct the appellant

in the department in which he was injured, and the fact that the appellant may have done the thing in the doing of which he was injured, by the direction of Pendleton does not strengthen his position. (Labatt on Master & Servant, 631.)

5. The rule is that when the facts alleged to constitute negligence are admitted, or are established by undisputed testimony, the question of negligence is one of law for the court, and it is the duty of the court to declare the law applicable to them. (Henderson Trust Co. &c. v. Stuart, 21 R., 1664.)

OPINION BY JUDGE SETTLE—Affirming.

The appellant, Mike Hatfield, an infant, by his father and next friend, brought this action in the court below to recover of the appellee, W. Q. Adams, damages for personal injuries alleged to have been sustained through the negligence of the latter's employe. It was alleged in the petition that appellee is the publisher of a newspaper in the city of Owensboro, called the "Owensboro Daily Inquirer," and owner of an office, printing presses, and machinery for publishing the same and doing other printing; that the paraphernalia of the printing office includes a machine known as a "folder," which contains many wheels, cogs, and knives and is used for folding and trimming papers after they are printed. That one Edward Pendleton, was the foreman of appellee's distributing department at the time the infant appellant received the injuries complained of, and the latter was in the employ of appellee as a paper carrier in the city of Owensboro; that on the occasion referred to, while in appellee's printing office waiting to receive, for delivery in the city, his share of the papers of that day's issue, appellant was ordered by Pendleton to remove from the folding machine papers and trimmings, in attempting to obey which order his right hand was caught in the revolving cogs and thereby cut, mangled, and permanently injured. It was further averred in the petition that the folder is a dangerous machine which was well known to appellee's servant, Pendle-

ton, but not to appellant, and that Pendletoon was guilty of negligence in ordering one of his youth and inexperience to perform the duty of removing the papers and cuttings therefrom, and in no event should he have been ordered to perform the service in question without being warned of the danger attending the same, and instructed how to avoid it.

Appellee's answer contains a traverse of all the material averments of the petition and averred the following facts: "For further answer said defendant states that at the time and place mentioned in the petition the said plaintiff, Mike Hatfield, against the will and in defiance of the orders of the defendant, voluntarily placed his hand in contact with the revolving cogs of said folding machine and thereby sustained all the injury that he did sustain on that occasion, being the same injuries complained of in the petition. At the time of said injury the said plaintiff knew of the cogs, wheels, and belts of said machine, which were plainly visible to him, and knew of the danger of allowing his hand to come in contact with them, but without the knowledge or consent of the defendant, he suddenly and voluntarily reached his hand to said cogs, and placed it in contact therewith as aforesaid." The answer closed with a plea of contributory negligence on the part of the appellant. The reply to the answer contains a simple traverse of its affirmative statements.

At the conclusion of appellant's evidence introduced on the trial in the court below, appellee asked the court for a peremptory instruction, but the same was refused, thereupon appellee introduced his evidence, which was followed by that of appellant's in rebuttal. At the conclusion of all the evidence, appellee renewed the motion for a peremptory instruction which the court sustained, and the jury returned a verdict in behalf of appellee in obedience to the peremptory instruction. Upon this verdict judgment was

entered dismissing the action and allowing appellee his costs, to which, as well as the ruling of the court in granting the peremptory instruction, appellant at the time excepted, and his motion for a new trial having been overruled, he, by this appeal, seeks a reversal of the judgment.

The only ground relied on by the appellant in the court below for a new trial, was alleged error of that court in giving the preemptory instruction, consequently other rulings excepted in the lower court, but not presented on the motion for a new trial, will not be considered on appeal. McLain v. Dibble & Co., 13 Bush, 298; Commonwealth, for Use, etc. v. Williams, etc., 14 Bush, 297; American Insurance Co of N. Y. v. Arstin 37 S. W. 678, 18 Ky. Law Rep. 632; Green v. Culver, 39 S. W. 426, 19 Ky. Law Rep. 186.

It is apparent from the evidence that the appellant, Mike Hatfield, was not a regular employe of appellee, but that he worked for him as a carrier of papers at times, covering a period of three or more months, in the place of Leon Marion, a regular carrier, who was so ill for a while as to be unable to perform his duties. Appellant's name was never on appellee's books as a carrier, though he was paid by the latter for such work as he did. Appellant testified that he was in appellee's employ when hurt, but appellee, Goodman, the foreman, of his printing department, and Pendleton in charge of the carrier department, say he was not.

It was also claimed by appellant that when injured he was undertaking to remove papers and clippings from the folding machine by direction of Pendleton. Pendleton not only testified that he gave him no such direction, but also that he did not in fact know appellant was at the folding machine until he heard him cry out when hurt. Goodman, who was only a few feet away, and at least two carrier boys who were present when he was hurt, did not hear Pendleton

tell him to remove the papers and trimmings from the machine, and the two boys also testified, as did Pendleton, that he was not in the building when appellant went to the folding machine, and did not enter it until immediately before his injuries were received. Though flatly contradicted by the witnesses named, in respect to his having been ordered to the folding machine by Pendleton, still on his own testimony appellant would have been entitled to go to the jury with his case, had the determination of this single question of fact been decisive of the case. But it was not. Yet other questions fully as material, arose upon the trial about which there was no conflict of evidence; that is to say, the fact that appellant knew the dangerous character of the folding machine, was clearly established by the evidence. Goodman, appellee's foreman, in charge of the printing room and machinery of the office, had repeatedly warned him of the danger of going about the folder and other machinery, and driven him from the room where it was situated. Similar warnings were also given him by Pendletoon and others about the printing estab-lishment and they too had ordered him to keep out of that part of the building containing the printing presses, folder, and other machinery. He was even bodily picked up and carried away from that room on one occasion by an employe of appellee.

It is also patent from the evidence that Pendleton had no control of the folding machine, and was never in charge thereof. There is absolutely no contrariety of testimony on this point. The folding machine and all other machinery of the establishment was in charge of Goodman, foreman of the printing and mechanical department. He alone had the right to appoint, or direct employes of the office, or others, to operate the folding machine and to control them in that work. It was in fact operated by Porter and Rogers under Goodman's supervision. Rogers, in the performance

of some other necessary duty, had temporarily left it and gone to the room from which the papers were distributed, only a few minutes before appellant was injured and the latter, according to all the testimony on that point but his own, noting his absence, voluntarily put himself at the machine in disobedience of the warning repeatedly given him theretofore, to stay away from it. So it would seem that appellants injuries resulted solely from his own negligence.

According to all the evidence, Pendleton's sole duty as an employe of appellee, was to distribute the papers. In the performance of this duty he controlled the carriers in their work of delivering papers in the city of Owensboro. They received from him the papers to be distributed, and by him the territory in which each of them was to do his work was prescribed. Pendleton's work was performed in a room or department wholly distinct from that occupied by the presses and machinery of the establishment. In view of the foregoing undisputed facts, though it be conceded that appellant was an employe of appellee at the time of receiving his injuries, it would necessarily follow that he and Pendleton were serving appellee in the distributing, or circulating department of the printing establishment, and to that department their duties were confined.

In respect to the distributing department, Pendleton was appellee's foreman and appellant's superior, if the latter was then in appellee's employ. His duties and those of the persons under him, did not extend to the printing department, or operation of the folding machine, but were simply to receive the papers after they were folded, trimmed, and ready for delivery, and to deliver them to the subscribers. Therefore, as to any other or separate department of appellee's business, such as the mechanical department of the printing establishment, Pendleton was not the agent of appellee, or the superior of appellant, and if, as claimed by the latter, he was ordered by Pendleton to

remove the papers and trimmings from the folding machine and was injured in doing that work, appellee is not liable therefor, as the act of Pendleton in thus directing him was unauthorized because beyond the scope of his employment. Appellant was not required to obey the order of Pendleton and if he did so, he was a mere fellow servant of Pendleton, or a volunteer in the performance of a service unauthorized by his employment. In all cases, the principle upon which the employer is held liable for the act of an employe, is that of agency—what he does through another he does himself. So, to hold the master liable for an injury to one employe caused by the negligence of another, it must be made to appear that the injury was received in the performance of a service for the master within the scope of the employment of the person injured, and that in requiring that particular service, the servant through whose negligence the injury resulted had authority to represent the master, and by reason thereof, was the superior of the person injured. Otherwise, in the performance of such service the negligent servant and one injured must be regarded as fellow servants, or the latter as a mere volunteer in doing an act not required by his employment. Volz. v. C. & O. Ry. Co., 95 Ky. 188, 15 Ky. L R. 727, 24 S. W. 119. Labatt on Master and Servant §470. In Labatt on Master and Servant, §631, it is said: "The position of the person undertaking work which he was not authorized to undertake, is in no wise strengthened by the fact that his intervention therein was introduced by the order of his own superior."

The most that can be claimed for appellant under the facts of this case, is the rights of a volunteer, and Labatt says on that subject in the section supra, (page 1858): "A person suing for injuries received in the performance of work undertaken by him as a volunteer, is placed in this dilemma—that if the evidence shows that he was not authorized to perform, as a servant, the work in question, the party for

whom the work was done owed him no obligation as a master; while, on the other hand, if his claim to be put on the footing of a servant is admitted, the doctrine of common employment operates as a bar to his recovery. The latter alternative arises where the injured person was an emergency assistant, hired by an employe who had, under such circumstances, authority to engage him, although ordinarily he was not invested with any such power; or where the services, although voluntarily offered in the first instance, were accepted by the master's agent." On the same subject the author tells us that the minority or youthfulness of the appellant does not affect the question. "For the purposes of this doctrine it is assumed that, in cases where the injury is alleged to have been received while the servant was engaged in work undertaken *proprio motu,* or in compliance with the unauthorized request of an employe of the defendant, the controling question is simply whether the defendant owed such complainant any of those duties imposed by the law upon employers for the benefit of their servants, and not whether such complainant was a tresspasser, or negligent. In this point of view it is clear that the fact of the complainant being of immature age is a wholly immaterial element." In the light of the foregoing authorities and under the facts of this case, the appellant did not show himself entitled to recover. Therefore, the lower court did not err in granting the peremptory instruction.

Wherefore the judgment is affirmed.