## Acme Mills & Elevator Co. v. Rives.

(Decided January 27, 1911.)

### Appeal from Christian Circuit Court.

1. Sale of Personalty—Measure of Damages.—The measure of damages for the breach of a contract for the sale of wheat, is the difference, if any, between the contract price, and the value or market price of the wheat at the time and place agreed upon in the contract for its delivery.

2. Burden of Proof.—Where the answer denied the contract as alleged in the petition, and set up a different contract, the burden of proof was upon the plaintiff, and it was a reversible

error to take the burden, and the concluding argument to the jury, from the plaintiff.

3. New Trial—Errors Must be Relied on.—No error committed during a trial is available upon appeal, unless it has been specifically relied upon as a ground for a new trial; and this is true although objection was made and exception taken to the ruling at the proper time.

JOE McCARROLL and DOWNER & RUSSELL, for appellant.

FRANK RIVES, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

By contract in writing, dated April 10, 1909, the appellee Rives sold his 1909 crop of wheat, estimated at 3,500 bushels, to the appellant at $1 per bushel, to be delivered at Fidelia, Kentucky, and to be paid for on delivery. The appellant's mill was located at Hopkinsville, Kentucky, about 12 miles from Fidelia. Wheat could be hauled from Rives' farm and delivered at Fidelia at a cost of a cent per bushel; and the cost of hauling it from Rives' farm to Hopkinsville was four cents per bushel. Under the contract as written, after Rives should have delivered the wheat at Fidelia, it would then have to be transported by rail to Hopkinsville, and there unloaded and hauled across the town to appellant's mill. To avoid this extra trouble and expense of rehandling and hauling across the town of Hopkinsville, Steger, the agent of the appellant who made the contract with Rives, subsequently approached Rives with the view of changing the contract with respect to the place of delivery. Rives and Steger agree that the contract was verbally changed in this respect, but they differ as to what the change was. Rives contends that he was to abate the one cent which it would cost him to deliver his wheat at Fidelia, and to take 99 cents per bushel for his wheat delivered at the thresher; while Steger contends that the wheat was to be delivered by Rives at the mill in Hopkinsville at $1.03 per bushel, and to be paid for on delivery there.

Rives' crop of wheat turned out 2,800 bushels, which he sold to the Liberty Mills at Nashville, Tennessee, July 22d, 1909, at $1.10 per bushel; whereupon the appellant brought this suit for $525 damages for appellee's breach of the contract to deliver the wheat, and for $144, the value of 1,800 sacks which appellant had furnished appellee. The sacks were returned before the answer was filed, and there is now no controversy as to them. Ap-

pellee began to thresh his wheat on July 14th, and by the next day had threshed about 800 bushels, when a delay of several days occurred by reason of an accident to the thresher. He finished threshing on Friday, July 23d, and could have delivered the wheat on the following Monday, July 26th, 1909. The petition proceeds upon the theory that the wheat should have been delivered on July 15th, and that it was then worth $1.15 per bushel. Considerable evidence was heard as to the prices of wheat in July and August, 1909, and there is some conflict in that evidence. The price of wheat fluctuated considerably during the month of July. On July 15th wheat was selling for $1.16 and $1.17 per bushel; but from that time on it gradually declined until the first week in August, when it was selling for 97 cents per bushel. The evidence shows that on July 24th wheat was selling in Hopkinsville, in the forenoon at $1.05 per bushel, and at the close of business on that day the price had fallen to $1 per bushel; and that it remained at the last named price for, perhaps, a week.

On July 15th appellant sent wagons to Rives' farm to get the 800 bushels of wheat that were then threshed, but Rives refused to deliver the wheat, and there is no claim that appellant then, or at any subsequent time, offered to take it at the thresher and pay for it. Neither is there any claim that Rives ever offered to deliver the wheat at the mill.

The pleadings presented two issues of fact only:

1. What was the contract, as modified, between the parties?

2. What was the damage to appellant if its view of the contract should be sustained by the jury? The jury returned a verdict for Rives, and the company has appealed.

Upon the issue as to what the contract was, the court instructed the jury that, if they believed from the evidence the contract, as changed, required Rives to deliver his crop of wheat at Hopkinsville at the price of $1.03 per bushel and to be paid for on delivery at Hopkinsville, they should find for the company; and that its measure of damages was the difference, if any, between the contract price of the wheat, and the value or market price of the same at the time and place agreed upon in the contract for its delivery. On the other hand, the court instructed the jury that, if they believed from the evidence that the contract required appellant to take

the wheat at the thresher at the price of 99 cents per bushel, and that it was not to be delivered or paid for at Hopkinsville, but received and paid for at the thresher, they should find for the defendant. These instructions fully and fairly presented to the jury the law governing the rights of the appellant and of the appellee, respectively, under their contentions as to what was the contract between them. As a matter of fact, the jury found that the contract required the appellant to take the wheat at the threshser, and pay for it there. And in this they were fully justified; for, upon cross-examination, Steger, the agent who made the contract on behalf of appellant, admitted that appellant was to take the wheat at the thresher. Moreover, the fact that appellant sent wagons to the thresher on July 15th, to get the wheat then threshed, strongly corroborates Rives' view of the contract. The contract as modified, according to Rives' contention, called for payment on delivery at the thresher, which conforms to the written contract; and it is not claimed that the written contract was changed in any respect except as to the price and the place of delivery. So, when the jury found for Rives upon the question of the contract, there was, under the uncontradicted evidence that appellant had not offered to pay for the wheat at the thresher, no further question for it to consider. That the court properly instructed the jury as to the measure of damages may be considered as well settled in this jurisdiction. Miles v. Miller, 12 Bush, 134; Acme Mills & Elevator Co. v. Johnson, decided by this court, January 24th, 1911.

It is insisted, however, that the circuit court erred in placing the burden of proof upon Rives, and thereby improperly gave him the closing argument. The ruling of the court in this respect was erroneous; for, notwithstanding the fact that Rives admitted the execution of the original contract, he denied that it was the contract between the parties; and, under the pleadings, the appellant in order to recover, not only had to sustain its contention as to what the' contract was, but it was also incumbent upon appellant to prove that it had been damaged. The requirement to prove either fact was sufficient to put the burden of proof upon the appellant. Civil Code, section 526; Acme Mills & Elevator Co. v. Johnson, supra. This error, however, was not assigned by appellant as a ground for a new trial; and, it may be considered as well settled in this jurisdiction, that no

.error committed during a trial is available upon appeal, unless it has been specifically relied upon in the grounds set forth in support of a motion for a new trial. L., C. & L. R. R. Co. v. Mahoney, 7 Bush, 238; Commonwealth v. Williams, 14 Bush, 297; Alexander v. Humber, 86 Ky., 569; Hatfield v. Adams, 123 Ky., 422. And this is true although objection was made and exception taken to the ruling at the proper time, as was done in this case. Mc-Lain v. Dibble, 13 Bush, 297; Harris v. Southern Railway Co., 25 Ky. Law Rep., 560. Unless the error of the circuit court is specifically made a ground for a new trial, it will be regarded as having been waived in that court, and is necessarily beyond the sphere of this court's supervisory jurisdiction, which is only to decide whether, on the grounds properly before it, the circuit court erred in its judgment. Hopkins v. Commonwealth, 3 Bush, 481: Slater v. Sherman, 5 Bush, 211; Civil Code, section 343.

The judgment is affirmed.