# Louisville & Nashville R. R. Co. v. Wilkins, Guardian.

(Decided May 10, 1911.)

## Appeal from Bullitt Circuit Court.

1. Damages—When not Excessive—Where a child three and a half years of age is severely injured by a fall, occasioned by a hole in the platform of a railroad station into which the person carrying the child had stepped and fallen in descending from the car, a verdict of $5,000.00 damages is not excessive.

2. Instructions—When an instruction offered by a party is refused because it does not correctly present the law upon the question attempted to be covered thereby, it is the duty of the court to prepare and give a proper instruction upon that point. But where the court has given an instruction in the terms asked by a party, he, having obtained all he asked, cannot complain that the court has not gone further than he asked by giving other instructions, although it might properly have done so.

3. Appeal—Review—An error of the trial court which was not assigned as a ground for a new trial there, cannot be considered upon appeal.

4. Infants—Negligence not Imputed to—In an action brought for the benefit of an infant who has sustained injuries through the negligence of another, negligence on the part of the parents or those standing in loco parentis in failing to do some subsequent act to preserve the infant's life or health, will not be imputed to the infant nor bar a recovery by him.

5. Punitive Damages—Punitive damages are recoverable only where the defendant has acted wantonly, or recklessly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations.

CHAS. H. MOORMAN, J. F. COMBS, CHARLES CARROLL and BENJAMIN D. WARFIELD for appellant.

BEN CHAPEZE and THOMAS COCHRAN, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On the afternoon of December 14, 1908, Mrs. John Wilkins, with her two children, went from Louisville to Shepherdsville on the train of the appellant. When they reached Shepherdsville about 5:15 p. m. it was dark, and there were no lights upon the platform where the passengers alighted, except the lanterns used by the conductor and brakeman. Mrs. Wilkins' uncle, Samuel Harshfield, accompanied her upon the trip and assisted her in getting the children from the car to the station.

Harshfield was carrying the appellee, Elias W. Wilkins, who was about three and a half years old, and preceded Mrs. Wilkins when they left the car. Elias was sitting on Harshfield's arm, and when Harshfield stepped from the car steps to the screening station platform, he stepped into a hole and was thrown headlong, with the child in his arms. There is some contradiction in the evidence as to whether the child struck the ground, or was caught before reaching the ground. However, Harshfield carried Mrs. Wilkins and the two children to his home some three miles in the country, where they remained for several weeks. This suit was brought by the guardian of Elias W. Wilkins to recover damages sustained by reason of the fall above described, and resulted in a verdict and judgment for $5,000, and from that judgment the company appeals.

The action is based upon the alleged gross negligence and carelessness of the appellant, its servants, agents and employes, which resulted in permanently injuring the boy Elias. While there is a sharp conflict in the testimony as to how the accident happened, or even that it happened at all, there was ample testimony authorizing the submission of that question, and the effect of it, as well as the negligence of appellant in bringing it about, to the jury. There was testimony to the effect that appellant had removed from its track several cross-ties which abutted against the station platform, and that in doing so a hole some ten or twelve inches deep was left immediately in front of the step from which passengers alighted in leaving the car. The evidence also tends to show that the boy received substantial injuries in the spinal cord, which resulted in a curvature of the spine, accompanied by an inability to control his kidneys and bowels. He cried continuously for about two weeks after the accident; would repeatedly place his hand upon the back of his head; has shown a slowness of speech and thought, and has not developed in his growth since that time as an ordinary healthy infant should have developed. He walks with difficulty, and can not climb steps, as other children do, without difficulty and apparent exertion. Appellant contends that the child has never been a normal child, and that the deficiencies under which it labors, are congenital, and not the result of the accident. The questions of the existence of the hole, the accident that followed, and the injuries that

were received by the boy, and their extent, were questions for the jury; we have only to consider the questions of law involved in submitting those questions to the jury.

1. Appellant insists that in view of the uncertainty of the evidence as to whether or not the accident happened as alleged, or that the infant was injured at all, or as to what his future condition will be as a result of his alleged injuries, the verdict is excessive. These questions of fact were vigorously contested before the jury upon evidence that would have sustained a finding either way; and it being the province of the jury to determine those questions, we can not, under the circumstances, interfere with their finding. If the boy was injured by reason of the accident, as claimed by his guardian (and there was evidence to sustain that claim), the recovery of $5,000 was not excessive.

2. Appellant further contends that instruction No. 5 did not properly instruct the jury as to their duty not to find anything for the appellee by reason of any other injury or natural infirmity from which he may have suffered. The instruction reads as follows:

"The court instructs the jury that the injuries, if any he has received, for which the plaintiff sues in this action, were not caused while being carried from its car by reason of the unsafe condition of its platform, but were sustained in some other way, or resulted from some other cause, or from natural infirmity, the law is for the defendant and the jury should so find."

According to appellant's theory, the boy, Elias, had been born with a club foot, and had never been able to walk, talk, or handle himself physically, as other children of his age could do. Under the authority of the L. & N. R. R. Co. v. Kingman, 18 Ky. Law Rep., 82, an instruction denying a recovery in this case for injuries, suffering, or causes other than the accident complained of, was proper. It will also be observed that the instruction above given does not clearly segregate the two classes of damages from each other, but only directs the jury to find for the defendant if the injuries resulted from some other cause than that alleged in the petition, or from natural infirmity; it does not, in terms, provide for an exclusion by the jury of damages resulting from some other cause or injury if they should find that there were also damages resulting from the negligence set forth in the petition. In this respect the instruction

might be subject to criticism under ordinary circumstances; but it can not be relied upon as a reversible error in this case, for the reason that the instruction as drawn was given upon the motion of the appellant, and the court gave no other instruction in lieu of it. It is true it was held in L. & N. R. R. Co. v. King's Administrator, 121 Ky., 356, that where an instruction offered by a party was not technically correct, and for that reason was refused by the court, it was, nevertheless, the duty of the court, when such instruction had been offered and refused, to prepare and give a proper instruction upon that point. This rule, however, does not apply when the court gives the instruction asked. It is not the duty of the court to give all the law of the case in a civil action unless it is asked by the parties in instructions covering the questions upon which they desire instructions; and where the court has given an instruction in the terms asked by a party, he, having obtained all he asked, can not complain that the court has not gone further than he asked by giving other instructions, although it might properly have done so.

3. It is further insisted that the case should be reversed because of the misconduct of the appellee's attorney in his closing argument to the jury; and a stenographic report of his objectionable remarks has been incorporated in the bill of exceptions. This alleged error, however, was not assigned as a ground for a new trial, and for that reason can not be considered upon appeal. Acme Mills & Elevator Co. v. Rives, 141 Ky., 783; 133 S. W., 786.

4. Appellant offered, and the court refused to give instruction No. 7, which reads as follows:

"The court instructs the jury that it was the duty of those having the plaintiff, Elias Wilkins, under their control to use all reasonable means to relieve the injuries, if any, he received at the time and place mentioned; and if they failed to do so, and if by reason thereof said injuries which were received by reason of the unsafe condition of defendant's platform were aggravated or recovery therefrom retarded, they should not consider such aggravation or any suffering or injury resulting therefrom in estimating the damages, if any, to plaintiff."

The evidence tended to show that for several months after the accident, the parents of Elias did not give him

any medical attention beyond the ordinary home remedies that the family could supply, although the child during most of that time was nervous, crying and complaining by reason of the accident.

It is a general and universal rule of law in regard to damages that every person must do all that can reasonably be done to render the damage for any act or omission as light as possible. I. C. R. R. Co. v. Gheen, 112 Ky., 703.

In order, however, to apply the rule to this case we would be required to impute to the infant the subsequent negligence or omission of its parents, or of those standing in loco parentis. This question was considered at some length in South Covington & Cincinnati Street Railway v. Herrklotz, 104 Ky., 400, wherein, after a review of the authorities, this court reached the conclusion that an infant less than four years of age could not be charged with contributory negligence by reason of the failure of itself or of its parent to exercise reasonable care to avoid an injury. And, it must be admitted, there is still stronger reason for exempting the infant from the negligent omission of those having charge of him, to do some subsequent act to preserve his life or health.

In 29 Cyc., 553, the rule is formulated as follows:

"According to the great weight of authority, in an action brought for the benefit of a child who has sustained injuries through the negligence of another, negligence on the part of the parents or those standing in loco parentis will not be imputed to the child nor bar a recovery by him."

In his work on negligence, in speaking of the New York rule, which holds that negligence may be imputed to a child, Judge Thompson says:

"That it should be adhered to in any enlightened jurisdiction with respect to children is a reproach to the judges who uphold it. An adult person, when he commits his person to the custody of another, does so at least voluntarily; an infant does not select his custodian—it is selected for him by the laws of nature, or by circumstances beyond his control. Certainly, there is no reason why the ordinary principal that where one is injured by the concurring negligence of two persons, he has an action against either or both, should not apply in the case of an injury to a child, unless the imputation is to

be put upon the law of denying to feeble and helpless infancy the same measure of protection which it accords to adults. Such a conception is cruel, heartless and wicked. It can only hold in jurisdictions where property is placed above humanity.'' (Page 294.)

The instruction asked was properly refused.

5. Finally, exception is taken to the second instruction given the jury upon the motion of appellee, upon the ground that it authorized the recovery of punitive or exemplary damages, in addition to compensatory damages. That instruction reads as follows:

''If the jury shall find for the plaintiff they should award him such a sum in damages as they shall believe from the evidence will fairly and reasonably compensate him for any pain and suffering, mental and physical, if any of either, which he has sustained, or which the jury may believe from the evidence it is reasonably certain he will hereafter suffer by reason of his injuries, if any, and for any permanent impairment of his power to earn money directly resulting therefrom after he shall have arrived at the age of twenty-one (21) years; and if the jury shall believe from the evidence that the plaintiff's injuries, if any he has sustained, were caused and brought about by gross negligence upon the part of the defendant company and its agents and employes, then, in such event, in addition to compensatory damages, the jury may award the plaintiff such a sum in punitive damages as they may deem proper under all the circumstances proven in the case, not to exceed in all, however, the sum of thirty thousand ($30,000) dollars, the sum sued for.''

In 13 Cyc., 112, it is said:

''Exemplary damages can only be awarded in case of personal injuries where the negligence or injury complained of is malicious or wanton or the negligence gross. The act must partake of a criminal or willful nature, and in the absence of any evidence to that effect the damage must be confined to compensation only. If the jury find as a fact from the evidence that defendant has been guilty of negligence so gross as would show a reckless indifference to human life or human society, or to indicate recklessness, wantonness, or ill-will, they are at liberty to add exemplary damages. Exemplary damages have often been claimed in case of a railroad acci-

dent, but in order to recover the same there must be shown an entire want of care as amounts to gross negligence."

The Kentucky rule is in accord with the general rule above laid down. In McHenry Coal Co. v. Sneddon, 98 Ky., 686, Sneddon was an employe in a. coal mine, and while engaged in hauling coal in the mine was injured by the team he was driving colliding with the team driven by another employe. In reversing the case for error in giving an instruction for punitive damages, Chief Justice Pryor said:

"We are satisfied, however, that it is not a case for punitive damages; and while it is difficult to establish any certain rule by which trial courts are to be controlled in this class of cases, and the instructions must be governed by the facts of each case, it is, nevertheless, well settled that it is not every case of gross negligence where punishment in the way of damages may be inflicted. Where the facts conduce to show reckless, willful, or malicious conduct on the part of the party charged with the wrong, exemplary damages may be awarded. There is no evidence of the presence of malice or reckless conduct on the part of the superintendent, as indicating a purpose to have the appellee injured or a reckless disregard of the safety of his person, and therefore the instruction as to punitive damages, should have been refused. The instruction should have confined the jury, if they return a verdict for the plaintiff, to compensatory damages only."

In the late case of Central Kentucky Traction Company v. May, 126 S. W., 1093, this court re-announced the foregoing rule in the following language:

"Punitive damages are not authorized and should never be allowed, in any case, where there is not some evidence tending to show that the defendant has acted maliciously, willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others, (Koestel v. Cunningham, 97 Ky., 421), or, where there is an absence of malice or reckless disregard of the safety of plaintiff's person (McHenry Coal Co. v. Sneddon, 98 Ky., 684)."

Koestel v. Cunningham, 97 Ky., 421; Southern Railway Co. v. Goddard, 121 Ky., 578; L. & N. R. R. Co v.

Mount, 125 Ky., 593; National Casket Co v. Power, 137 Ky., 156, are to the same effect.

From these repeated adjudications the rule would seem to be firmly established in this jurisdiction; that punitive damages are recoverable only where the defendant has acted wantonly or recklessly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations.

The facts of this case do not bring it within the rule; and for that reason alone the judgment is reversed, and a new trial ordered.