## Cunliffe et al. v. Chumbler.

(Decided November 23, 1928.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error.—Excessiveness of verdict rendered in action for personal injuries received from falling over obstruction on sidewalk, not assigned as ground for new trial in the motion therefor, cannot be considered on appeal.

2. Damages.—Verdict for $1,212, for injuries received when plaintiff fell over tile piled on sidewalk in front of building under construction, held not so palpably against the evidence as to indicate that it is result of passion or prejudice on the part of the jury.

3. Appeal and Error.—A judgment will not be reversed on the ground that it is so palpably against the evidence as to indicate passion or prejudice on the part of the jury, unless the damages allowed are so great and disproportionate as to strike the mind at the first blush as being result of jury's passion or prejudice.

4. Municipal Corporations.—Where contractor was using sidewalk for storage of materials to be used in construction of building abutting the walk under building permit from city, he was bound to exercise ordinary care to warn pedestrians of the obstruction thereon so that they could avoid injury therefrom.

W. A. BERRY for appellants.

CROSSLAND & CROSSLAND for appellee.

OPINION OF THE COURT BY TINSLEY, COMMISSIONER—Affirming.

During the summer and fall of 1926, the appellant Cunliffe, as contractor, was engaged in the erection of an apartment house—The Charleston—at the corner of Twenty-Second and Jefferson streets in the city of Paducah. The appellant Richard Miller was an employe or superintendent of the appellant Cunliffe in the work of construction. In connection with the work of constructing said building, it is shown by the record that appellants used that portion of Twenty-Second street between Jefferson and Broadway, including the sidewalks thereon, for the storage of building material and machinery and implements used in the work of constructing the building. On the night of November 20, 1926, appellee, while returning to her home from the downtown section of the city where she was employed, got off the street car at the corner of Twenty-Second and Jefferson streets to go through Twenty-Second street to her home, and just after stepping on the sidewalk she fell over a pile of building tile, whereby she was injured, and in this action she seeks damages because of such injury. The negligence complained of is that appellants had placed and permitted to remain upon the sidewalk of Twenty-Second street abutting the construction project the pile of building tile over which she fell, and without placing lights or other means of warning persons using

the sidewalk of the existence of the obstruction and its unsafe condition, and that they each knew, or could have known by the exercise of ordinary care, of the obstruction and the unsafe condition caused thereby, and they each failed to advise the public of the obstruction. She further alleged that at the time of her injury she was earning $16.50 per week and that she had lost seven weeks' time, which with her expenditures for medicine and hospital bill aggregated $212.

The answer put in issue the material facts alleged in the petition, and in a separate paragraph alleged that at the time and place of the injury, appellants had obtained permission from the city authorities to close Twenty-Second street to travel, and in another paragraph pleaded contributory negligence upon the part of appellee. On the trial plaintiff was awarded a verdict for $1,212, upon which judgment was entered, and the defendants have appealed.

Three grounds are urged for reversal: (1) That the verdict is excessive; (2) that the verdict is so palpably against the evidence as to indicate that it is the result of passion or prejudice; and (3) that instruction No. 1 given by the court is erroneous.

1. The ground that the verdict is excessive was not assigned as a ground for a new trial in the motion therefor filed by the appellant in the lower court. For this reason, this ground cannot be considered on this appeal. In the case of Welch et al. v. Jenkins et al., 190 Ky. 476, 227 S. W. 799, it is said:

"The alleged errors of the trial court, in the admission and rejection of testimony was not made a ground for a new trial, in the trial court, nor there relied upon, and for that reason, we are precluded from considering such grounds for reversal, here. By a long line of adjudications, it has been consistently and uniformly held, that errors of the trial court in the trial of an action at law are not a subject of review upon appeal, unless the error is set out and relied upon in the grounds for a new trial. Otherwise, it is considered, that if a party fails to bring an alleged error to the attention of the trial court, in his grounds for a new trial, he has elected to waive the error, if one has been made. Harris v. Southern Ry. Co. [76 S. W. 151], 25 K. L. R. 560; L. C. & L. R. Co. v. Mahoney, 7 Bush, 238; McLain

v. Dibble, 13 Bush, 297; Commonwealth v. Williams, 14 Bush, 297; Alexander v. Humber, 86 Ky. 569 [6 S. W. 453, 9 Ky. Law Rep. 734]; Acme Mills & Elevator Co. v. Rives, 141 Ky. 783 [133 S. W. 786]; Hatfield v. Adams, 123 Ky. 428 [96 S. W. 583, 29 Ky. Law Rep. 880]; L. & N. R. R. Co. v. Wilkins Gdn., 143 Ky. 575 [136 S. W. 1023, Ann. Cas. 1912D, 518]; City of Frankfort v. Buttimer, 146 Ky. 818 [143 S. W. 410]; L. & N. R. R. Co. v. Commonwealth, 154 Ky. 294 [157 S. W. 369]; L. & N. R. R. Co. v. Culbertson, 158 Ky. 561 [165 S. W. 681]; Slater v. Sherman, 5 Bush, 206; Jones v. [Wocher] Warden, 90 Ky. 230 [13 S. W. 911]; Gooch v. [Collins] Williams, 156 Ky. 282 [160 S. W. 1038]."

2. While the verdict of the jury is a liberal one, we are not prepared to say that it is so palpably against the evidence as to indicate that it is the result of passion or prejudice upon the part of the jury. The rule in this jurisdiction is that a judgment will not be reversed on this ground unless the damages allowed are so great and disproportionate as to strike the mind at first blush as having resulted from passion or prejudice. New Bell Jellico Coal Co. v. Sowders, 162 Ky. 443, 172 S. W. 914; Williams v. Schmidt, 213 Ky. 122, 280 S. W. 494.

3. Instruction No. 1 given by the court is as follows:

"It was the duty of the defendants at the time and place mentioned in the evidence, to use ordinary care to keep the sidewalk of Twenty-Second street clear of obstruction, or, if it became necessary to obstruct same in the course of the building of the apartment house mentioned in the evidence, then to use ordinary care to maintain a light or some other method of warning to pedestrians of the presence of such obstruction on the sidewalks after dark; and if you shall believe from the evidence in this case the defendants failed to do either of these things and that by reason of such failure, and as a direct and proximate result of such failure, plaintiff fell over said obstructions and received the injury complained of, then the law is for the plaintiff and you will so find; but, unless you shall so believe from the evidence then the law is for the defendants and you will so find."

The complaint directed by appellants to this instruction is that, since they had permission from the city of Paducah to obstruct Twenty-Second street with their building material, it was not their duty to use ordinary care or any care at all to keep the sidewalk of Twenty-Second street clear of obstruction, or if it became necessary to obstruct same in the course of building, to use ordinary care or any care to maintain a light or some other warning to pedestrians. In this appellants are clearly in error. In the case of Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888, it is said:

"It is the duty of the city, when the obstructions are placed in the street to use such means as are reasonably necessary to warn those using the street of the presence of the obstruction, and it is a question for the jury, under the particular facts in each case, to determine whether or not the means used for this purpose were reasonably sufficient."

To the same effect are the cases of Baumeister v. Markham, 101 Ky. 122, 39 S. W. 844, 41 S. W. 816, 19 Ky. Law Rep. 308, 72 Am. St. Rep. 397; Grider v. Jefferson Realty Co. (Ky.) 116 S. W. 691.

In the case of Blocher v. Dieco, 99 S. W. 606, 30 Ky. Law Rep. 689, we said:

"There is no question about the duty resting upon the city to keep its streets and sidewalks in a reasonably safe condition for public travel, but ordinarily a city is not liable to persons who have been injured by obstructions on the streets or sidewalks, unless it knew, or by the exercise of ordinary care might have known, of the obstruction (Hazelrigg v. City of Frankfort [92 S. W. 584] 29 Ky. Law Rep. 207). There is, however, an exception to the rule that a city is not liable without notice, as where the city grants the right to place building material upon the sidewalks or streets that may obstruct it. When this privilege is extended by the city, it is at once charged with notice that the streets and sidewalks may be obstructed by the person to whom the privilege has been granted, and the city is required to exercise ordinary care to prevent persons being

injured by such obstructions. The measure of care exacted is that persons traveling the street be given some notice of the obstruction. Thus, it was held in the City of Louisville v. Keher [117 Ky. 841, 79 S. W. 270], 25 Ky. Law Rep. 2003, a case in all respects like this one, that, where a city grants permission to a person erecting a building to use a portion of the street as a place of deposit for building material, . . . it is the duty of the city to exercise ordinary care to cause warning to be given by such person of the fact that the material is in the street, and the failure to give such notice renders the builder as well as the city liable.''

And in Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217, it is said:

''In the case we have, the property owner Gnau secured from the city the right to place this lime bed in the street, but this did not have the effect of excusing the city from the care imposed upon it, or have the effect of excusing Gnau from the duty he owed not to leave the street in such condition as to be unsafe for the uses to which it was set apart and dedicated.

''If Gnau, without obtaining permission from the city, had placed a dangerous obstruction in the street, there could be, of course, no question about his liability in damages to any person injured by the obstruction, if it developed that it rendered the street unsafe for public travel, and in such a state of case the city would be jointly and equally liable to Gnau if it had notice of the obstruction in time to take such measures as might be necessary to remove or protect it. Now this duty and corresponding liability of Gnau was not diminished by the fact that he obtained permission to place the obstruction in the street.''

Perceiving no error, the judgment is affirmed.